CITY OF ATLANTA *v.* STATE OF GEORGIA.

No. 10667.   OCTOBER 19, 1935.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for plaintiff in error.

*M. J. Yeomans, attorney-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.

HUTCHESON, Justice. The State of Georgia by and through its attorney-general, acting under written instructions from the Governor, filed suit against the City of Atlanta, C. J. Bowen, and V. S. Starr, alleging in substance as follows: Bowen is chief building

inspector and Starr is an inspector of buildings in the City of Atlanta. Petitioner owns certain land on which is located the Confederate Soldiers' Home. Petitioner, through the Board of Control of Eleemosynary Institutions, is now making certain repairs to the main building, and they are being made by day labor. Tom Sargent was engaged as foreman. Defendants have demanded of petitioner the payment of one eighth of one per cent. of the cost of labor and materials, for a permit to do such repairing. Starr gave to Sargent written notice that he would have to obtain such permit, and Sargent was actually arrested for violating the building ordinance of the City of Atlanta; and this was in violation of the sovereign rights of the State. The buildings are public buildings of the State and are owned by the State in its sovereign right, and the defendants are violating the rights of the State and of its people. The petitioner, being without an adequate remedy at law, prays that the city be enjoined from proceeding further with the prosecution of Sargent, from going on its premises to collect said fee, from interfering with petitioner and from communicating with the Board of Control; and that the court declare that the ordinances of the city can not be enforced against the State. By amendment it was alleged that all said work was being done by the Federal Government, that the persons engaged thereon are not subject to the ordinances of the City of Atlanta, and that no building permit was needed, that the foreman was actually arrested, and that the city is endeavoring to act beyond and in excess of its powers, and that such acts are ultra vires and void. The defendants filed an answer denying the material allegations of the petition, and alleging that the Board of Control is a separate corporation, and was created by the State of Georgia for the purpose of handling these institutions; that the repairs are being made under the direction of the Board of Control and not of petitioner. They denied that prosecution would be continuous, and denied that the Board of Control is exempt from compliance with the ordinances of the city. The defendants also filed a demurrer, general and special. On the hearing the court adjudged that the defendants be restrained and enjoined as prayed for, until further order of court. To this order the defendants excepted.

The instant case was not one to enjoin a criminal prosecu-

tion or a threatened criminal prosecution, but it was a suit to enjoin the City of Atlanta, through its ordinances, from interfering in any way with the powers and rights of the State of Georgia. "While equity will not ordinarily enjoin a criminal prosecution, . . yet where repeated prosecutions are threatened under a void municipal ordinance, and the effect of such prosecutions would tend to injure or destroy the property of the person so prosecuted, or deprive him of the legitimate enjoyment of his property, equity will entertain a suit to inquire into the validity of the ordinance and enjoin its enforcement." *Carey* v. *Atlanta,* 143 *Ga.* 192 (2) (84 S. E. 456, L. R. A. 1915D, 684 Ann. Cas. 1916E, 1151).

■ The act of the General Assembly (Ga. L. 1931, p. 15, sec. 26) provides that "There is hereby created and established a department of State Government to be known as Board of Control of Eleemosynary Institutions." However, this board is simply one of the departments for the carrying on of State affairs, and is not a separate and distinct entity.

■ The next question to be considered is as to the right of a city, by ordinance, to prescribe rules and regulations as to actions by a State. The Code of 1933, § 102-109, provides that "The State is not bound by the passage of a law, unless named therein, or unless the words of the act should be so plain, clear, and unmistakable as to leave no doubt as to the intention of the legislature." In *Mayor &c. of Atlanta* v. *Central Railroad Co.,* 53 *Ga.* 120, the court said: "In delegating the power and authority to the defendant to lay out streets, etc., for the benefit of the city, the State can not be presumed to have granted the power and authority to do so as against her own sovereign rights over her own property without first having obtained her consent." A case which is very enlightening on this matter is City of Milwaukee v. McGregor, 140 Wis. 35 (121 N. W. 642, 17 Ann. Cas. 1002), where it was held: "Statutes in general terms do not affect the State if they tend in any way to restrict or diminish its rights or interests. . . In case of the construction of a building by a State board for State purposes under State authority, the matter is wholly of State concern, and not under any general State or municipal regulation." In Kentucky Institution for Blind v. Louisville, 123 Ky. 767 (97 S. W. 402, 8 L. R. A. (N. S.) 553), it was said: "A city ordinance requiring all buildings occupied by any per-

son or persons, or in which any person or persons shall be employed or assembled, of three or more stories in height (except private residences), shall be provided with one or more improved fire-escapes when ordered by the inspector or his deputy, and providing a fine of $10 for each day's failure to comply therewith after notice from the inspector to do so, does not apply to a blind asylum created and belonging to the State, located in such city, which is under control of a board of visitors appointed by the Governor with the approval of the Senate." There can be no question that courts have jurisdiction to determine whether a municipal act or undertaking is ultra vires and void, and, if so, to enjoin the municipality in a proper case. See 43 C. J. 309, § 320. The court did not err in granting the injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*