## 30674. PENDLETON et al. v. CITY OF ATLANTA et al.

JORDAN, Justice.

These twenty appellants were arrested by Atlanta police at various private gatherings and American Legion Posts in the Atlanta area, and charged with unlawfully establishing and promoting a lottery, in this case bingo, in violation of Code Ann. § 26-2703 (Ga. L. 1968, p. 1249; 1970, pp. 236, 238). Pending trial, appellants filed a petition in Superior Court of Fulton County against the City of Atlanta and others seeking declaratory relief as to the constitutionality of certain city ordinances and state laws under which they were arrested and other alleged illegal actions on the part of the defendants.

The trial court granted defendants' motion to dismiss, ruling that it had nothing before it to authorize a declaration of rights or the issuance of an injunction.

1. The petition for declaratory judgment shows that the alleged criminal activity has already occurred and there is pending a criminal prosecution of the appellants for the violation of the statute which they seek to have declared unconstitutional. We have held that the purpose of the Declaratory Judgment Act (Code Ann. § 110-1101 (Ga. L. 1945, p. 137; 1959, pp. 236, 237)) is not to delay the trial of cases of actual controversy but to guide and protect the parties from uncertainty and insecurity with respect to the propriety of some future act or conduct in order not

to jeopardize their interest, and that where the alleged criminal conduct has already taken place declaratory judgment is not a proper remedy. *Clark v. Karrh,* 223 Ga. 851 (159 SE2d 75) (1968); *Staub v. Mayor &c. of Baxley,* 211 Ga. 1 (83 SE2d 606) (1954).

2. Nor will equity as a general rule take part in the administration of the criminal law by restraining or obstructing criminal courts. Code Ann. § 55-102; *Baker v. City of Atlanta,* 211 Ga. 34 (83 SE2d 682) (1954). Appellants have not shown a threat of irreparable injury, due to threatened arrest and prosecutions nor have they shown the necessity for declaratory relief since all questions set forth in the petition concerning the statute under which they are charged and the process and authority by which they were brought to trial may be attacked in the criminal proceedings now pending, giving the appellants an adequate remedy at law. *Staub v. Mayor &c. of Baxley,* supra; *City of Bainbridge v. Olan Mills, Inc.,* 207 Ga. 636 (63 SE2d 655) (1951). Steffel v. Thompson, 415 U. S. 452 (94 SC 1209, 39 LE2d 505) (1973) is not applicable to the facts of this case.

3. The trial court properly granted the appellees' motion to dismiss the complaint for failure to state a claim for which relief can be granted.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 9, 1976 — DECIDED MARCH 11, 1976.

*Frank E. Blankenship,* for appellants.

*Hinson McAuliffe, Solicitor, Frank A. Bowers, Assistant Solicitor, Henry L. Bowden, Charles M. Lokey, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellees.