## 32842. SHANTHA v. MUNICIPAL COURT OF CITY OF ATLANTA et al.

BOWLES, Justice.

This appeal is from an order of the Superior Court of Fulton County, vacating its earlier order in which it

issued a writ of prohibition restraining the Municipal Court of the City of Atlanta from sentencing appellant, and dismissing appellant's complaint.

The appellant is the owner of an apartment building occupied by twelve tenants. While also involved in several other lawsuits arising out of this landlord-tenant relationship, the appellant was charged with the violation of several sections of the Atlanta City Housing Code. Appellant was tried and convicted by the Municipal Court of Atlanta on all violations as charged. Appellant then requested the Fulton County Superior Court to issue a writ of prohibition against the City of Atlanta and Municipal Court of the City of Atlanta enjoining and restraining them from sentencing him for violations of the City of Atlanta's Housing Code until the Georgia Court of Appeals had decided a suit pending in that court in which he was being sued by his tenants. The writ was issued, but vacated on appellee's motion for reconsideration.

A writ of prohibition is an order issued by a superior court, directed to the judge and parties of a suit pending in an inferior court, commanding them to cease from the prosecution of the same upon the allegation that the cause does not belong to that jurisdiction. The writ is not generally available for the relief of grievances which may be redressed in the ordinary course of judicial proceedings, and when the ordinary and usual remedies provided by law are applicable and available. *Jackson v. Calhoun,* 156 Ga. 756 (120 SE 114) (1923); Code Ann. § 64-301.

The Municipal Court of the City of Atlanta has jurisdiction to try all offenses against the ordinances of the City of Atlanta. Section 4-102 City of Atlanta Code of Ordinances. Therefore, a writ of prohibition will not lie in this instance so long as appellant has an adequate remedy at law to challenge the ruling of the lower court. While in his amended complaint appellant urges that the City of Atlanta ordinances authorizing search and inspection of his property are unconstitutional on their face, the record shows that he was not charged under these particular provisions, and therefore, has no standing to raise the issue in any court.

The remaining arguments raised by appellant are

challenges to the decision of the municipal court and are properly the subject of appeal to the superior court, by writ of certiorari. Code Ann. § 19-101. On appeal the reviewing court will have the record of the proceedings in the municipal court before it, and can rule on the correctness of the municipal court's decision. This is the course appellant must take in seeking judicial relief of his grievances.

Declaratory relief is not the proper remedy for attacking the constitutionality of a municipal ordinance where the alleged criminal activity has already taken place. Nor will equity as a general rule take part in the administration of the criminal law by restraining or obstructing criminal courts. *Pendleton v. City of Atlanta,* 236 Ga. 479 (224 SE2d 357) (1976).

A writ of prohibition will not lie in this case, and the trial court was correct in dismissing appellant's complaint.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 12, 1977 — DECIDED NOVEMBER 2, 1977 —
REHEARING DENIED NOVEMBER 29, 1977.

*Ezra Shimshi,* for appellant.
*Ferrin Y. Mathews, Alford J. Demsey, Jr.,* for appellees.