## 58798. TOTAL VENDING SERVICE, INC. v. GWINNETT COUNTY et al.

CARLEY, Judge.

Appellant is engaged in the sale and lease of coin-operated amusement devices, such as pinball machines. It contracted to supply such devices for a bowling facility to be constructed in Gwinnett County. Subsequently appellant was informed by Gwinnett law enforcement officials that they would proceed against it for violation of Ga. L. 1962, p. 2364, if the machines were installed. That law, passed as local legislation and approved by county referendum, made it a misdemeanor offense "for any person, firm, or corporation to own, possess, use, maintain or operate any pinball machine or similar machine, including all machines operated by depositing a coin therein for the playing of a game or the engaging in of any contest of chance or skill in Gwinnett County, Georgia."

Appellant petitioned for a declaratory judgment that Ga. L. 1962, p. 2364, was "illegal and unenforceable" by virtue of enactment of Ga. L. 1978, pp. 1779, 1780 (Code § 26-2713 (b)) which excepted from the Georgia criminal gambling laws "a coin-operated game or device designed and manufactured for bona fide amusement purposes only which may by application of skill entitle the player to replay the game or device at an additional cost if the game or device can react to no more than 15 free replays or can be discharged of accumulated free replays only by reactivating the game or device for one additional play for each accumulated free replay . . ." It was apparently appellant's contention that since the 1978 general enactment having uniform statewide operation "decriminized" possession of its machines under Code Ann. § 26-2707 and further provided that "[a]ll laws and parts of laws in conflict with this Act are hereby repealed," the local 1962 statute would be unenforceable.

However, the merits of appellant's petition were never reached. The trial court determined that the petition failed to state a claim for declaratory relief and dismissed the action. This appeal is taken from the order dismissing the petition.

An action for declaratory judgment is an available remedy to test the validity and enforceability of a statute where an actual controversy exists with respect thereto. *Harper v. Burgess,* 225 Ga. 420, 422 (169 SE2d 297) (1969). In determining that no "actual controversy" existed in the instant case, the trial court relied, in part, upon *City of Nashville v. Snow,* 204 Ga. 371, 378 (49 SE2d 808) (1948): "The general rule is that a court under a declaratory judgment proceeding does not have the right to determine whether a statute or ordinance is, abstractly, valid or invalid. [Cits.] . . . [T]he allegations of the petition do not show any effort on the part of the defendants to enforce the alleged unconstitutional ordinances in so far as the plaintiff is concerned, and it is well settled in this State that before a law or municipal ordinance can be attacked by any person on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his rights of person or property. [Cits.] And neither a threat of arrest nor threats of repeated arrests amount to interference with person or property rights. [Cits.]" We think reliance upon *City of Nashville* as authority to dismiss the petition was misplaced. First, the holding in that case has been questioned and, indeed, in some respects expressly overruled. *Calvary Independent Baptist Church v. City of Rome,* 208 Ga. 312 (66 SE2d 726) (1951). Second, in the instant case, appellant does not seek a declaration that the 1962 Act is unconstitutional but rather that because it was repealed and superseded by enactment of the 1978 statute, it has become unenforceable. Third, even assuming that *City of Nashville* is still a viable precedent and is otherwise applicable in the instant case, appellant's petition states a claim for declaratory relief.

Under the petition appellant has contracted to supply various coin-operated machines to an establishment within Gwinnett County. *Jenkins v. Manry,* 216 Ga. 538 (118 SE2d 91) (1961). Appellant has been informed that to do so would be in violation of the 1962 statute and that that enactment will be enforced. Compare, e.g., *Frances Wood Wilson Foundation, Inc. v. Bell,* 223 Ga. 588 (157 SE2d 287) (1967); *Medlin v. Mickle,* 240 Ga. 552 (242 SE2d 38) (1978). Appellant contends that

this action would not be proper because it would be undertaken pursuant to a statute which is unenforceable. *Jenkins v. Manry,* 216 Ga. 538, supra. Appellees contend that the 1962 statute is valid and enforceable. Thus an actual controversy exists between the parties as to the effect of the 1978 enactment on the 1962 statute. *Carter v. Burson,* 230 Ga. 511 (198 SE2d 151) (1973). Absent a determination of the validity of the 1962 statute, appellant is uncertain and insecure with respect to its present plans. *Jenkins v. Manry,* 216 Ga. 538, supra; *Hansell v. C. & S. Nat. Bank,* 213 Ga. 205 (98 SE2d 622) (1957). Appellant does not seek an advisory opinion that its proposed actions would not be criminal. Compare *Butler v. Ellis,* 203 Ga. 683 (47 SE2d 861) (1948); *Martin v. Slaton,* 125 Ga. App. 710 (188 SE2d 926) (1972). It merely seeks a determination of what the existing valid and enforceable law is with respect to pinball machines and similar devices in Gwinnett County. *Hansell v. C. & S. Nat. Bank,* 213 Ga. 205, supra; *Carter v. Burson,* 230 Ga. 511, supra. Appellant is not required to violate a law about which there is an actual controversy concerning its enforceability and suffer a criminal prosecution, in order to test its validity. *Jenkins v. Manry,* 216 Ga. 538, 540, supra. The purpose of the Declaratory Judgment Act "is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and is to be liberally construed and administered." Code Ann. § 110-1111 (Ga. L. 1945, pp. 137, 139). See *Mensinger v. Standard Acc. Ins. Co.,* 202 Ga. 258 (42 SE2d 628) (1947). This petition, therefore, states a claim for declaratory relief. And there being no constitutional attack on any statute of the state, notice to the attorney general was not required under Code Ann. § 110-1106. *Board of Commissioners v. Allgood,* 234 Ga. 9, 16 (214 SE2d 522) (1975). Compare *Board of Education v. Shirley,* 226 Ga. 770 (1) (177 SE2d 711) (1970). The petition was erroneously dismissed. In so holding, we express no opinion as to the substantive merits of appellant's claim but only that it has a procedural right to a hearing on its petition. *Mock v. Darby,* 109 Ga. App. 620 (137 SE2d 81) (1964).

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED NOVEMBER 5, 1979 — DECIDED JANUARY 18, 1980.

*Hill Jordan,* for appellant.
*James A. Henderson,* for appellees.