*Richards, Assistant Attorney General,* for appellees.

### 42882. MAJMUNDAR v. VELINE et al.
(342 SE2d 682)

SMITH, Justice.

Majmundar appeals the Houston County Superior Court's denial of his motion for an injunction to prevent appellee Veline, the Solicitor for the State Court of Houston County, from enforcing OCGA § 16-12-80 against him. He claims that OCGA § 16-12-80, as applied by Veline, is unconstitutional. We affirm.

In 1982, Majmundar purchased the Satellite Motel and a number of video-cassette tapes that could be shown, upon request and for a charge of $7.50, to guests at the motel. The movies, which the parties have stipulated for the purposes of the motion for injunction to be obscene, were controlled by the front office and could only be shown on the television of the requesting room. The proprietor, in addition, would only provide a showing to rooms occupied by one or two adults.

Two officers of the Warner Robins Police Department rented a room at the Satellite Motel, and they requested a movie to be shown in their room. The officers taped the movie with equipment that they had purchased for the planned investigation of the Satellite Motel. When the appellant discovered the investigation, he filed a motion to enjoin the investigation and any prosecution under the state obscenity statute on the grounds that the investigation and prosecution were being carried out under an unconstitutional interpretation of the statute in a manner that would irreparably harm the appellant's property interest in the motel.

1. The appellees contend that we should dispose of this appeal on the grounds that equity will not enjoin a criminal prosecution. OCGA § 9-5-2. In *Moultrie Milk Shed, Inc. v. City of Cairo,* 206 Ga. 348, 351 (57 SE2d 199) (1950), however, we held that "when injury to property is threatened, . . . injunction will lie notwithstanding the fact that in the process a criminal prosecution is involved." Here, the appellant's showing that he depended upon income from movie rentals in making his decision to purchase the Satellite Motel and in sustaining his business establishes a sufficient threat to a property interest to bring this case within the exception to OCGA § 9-5-2 set out in *Moultrie Milk Shed,* supra.

2. The appellant argues that the investigation and threatened prosecution interfere with activities protected under the First Amendment to the United States Constitution. The appellees disagree. All parties agree that the activity regulated in this case falls somewhere between the activity protected in *Stanley v. Georgia,* 394

U. S. 557 (89 SC 1243, 22 LE2d 542) (1969), and the activity found to be outside of the area protected by the First and Fourteenth Amendment in *Paris Adult Theatre I v. Slaton*, 413 U. S. 49 (93 SC 2628, 37 LE2d 446) (1973).

In *Stanley*, the court held that the state cannot regulate the content of books or films that a person reads or watches in the privacy of his own home. The court based this holding upon the First and Fourteenth Amendments. The right to privacy found in the Fourteenth Amendment and the right to freedom from thought control found in the First Amendment combine to form this limitation on the state's power.

*Paris*, supra, and *Roth v. United States*, 354 U.S. 476 (77 SC 1304, 1 LE2d 1498) (1957), held that the state can regulate commerce in obscene materials because the obscene materials themselves are not protected by the First Amendment. In *Stanley*, the interest in the reader or watcher's freedom of thought found protection. In *Paris* and *Roth*, the interest in the seller's ability to disseminate obscene material found no protection.

In *United States v. Reidel*, 402 U. S. 351 (91 SC 1410, 28 LE2d 813) (1971), both interests were involved. The party disseminating obscenity through the mail to consenting adults for use in their own homes sought protection from state regulation. The court held that a person's right to possess obscenity in his home does not create a corresponding right in another to provide those materials for home use. The First Amendment, thus, protects the peruser in some cases, and not the purveyor, of obscene materials from state regulation.

Here, we are concerned with the appellant's interest in providing obscene films to guests at his motel in the privacy of their own rooms, *not* the guests' interest in reading or watching obscene books or films. As seen in *Reidel*, the appellant's commerce in obscenity, implicit in his argument in Division 1, is not protected by the First Amendment, notwithstanding the possibility that the people receiving the objects of his commerce may be shielded from state regulation in their use of the obscene materials that he provides for them. The trial court correctly found that OCGA § 16-12-80, as interpreted by the Solicitor of the State Court of Houston County, is constitutional.

*Judgment affirmed. All the Justices concur, except Gregory, J., not participating. Hunt, J., disqualified.*

DECIDED MAY 13, 1986.

*Groover & Childs, Denmark Groover, Jr., Craig M. Childs*, for appellant.

*Michael J. Long, James E. Elliott, Jr.,* for appellees.