A99A1760. PATTERSON v. STATE OF GEORGIA.

(528 SE2d 884)

ANDREWS, Presiding Judge.

Jackie Patterson, an attorney proceeding pro se, appeals from the trial court's dismissal of his declaratory judgment action based on lack of standing. Patterson sought a declaration that OCGA § 40-6-14[1] was unconstitutional as a violation of the Due Process Clause because it was void for vagueness and was unenforceable due to the Department of Public Safety's failure to promulgate rules defining "plainly audible" or to establish standards regarding measurement of sound by law enforcement personnel, as mandated by OCGA § 40-6-14 (d).

The trial court concluded that Patterson lacked standing to pursue these issues because there was no "actual controversy" between the parties, as required by OCGA § 9-4-2 (a).[2] We agree.

---

[1] OCGA § 40-6-14 (a) states that "[i]t is unlawful for any person operating or occupying a motor vehicle on a street or highway to operate or amplify the sound produced by a radio, tape player, or other mechanical sound-making device or instrument from within the motor vehicle so that the sound is plainly audible at a distance of 100 feet or more from the motor vehicle." Violation of the statute is a misdemeanor.

[2] OCGA § 9-4-2 (b), which is also relied upon by Patterson, is not applicable because, by its terms, it applies only "in any *civil case* in which it appears to the court that the ends of justice require that the declaration should be made. . . ." Patterson, instead, seeks to foreclose a potential criminal prosecution.

Although OCGA § 9-4-2 (c) provides that "[r]elief by declaratory judgment shall be available, notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies[,]" this provision does not mean that a declaratory judgment action is available for any and all justiciable controversies. Instead, a plaintiff must demonstrate

> facts or circumstances whereby [he] is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize [his] interest.

*Phoenix Assurance Co. v. Glens Falls Ins. Co.*, 101 Ga. App. 530, 532-533 (114 SE2d 389) (1960). See also *Cramer v. Spalding County*, 261 Ga. 570, 572 (2) (409 SE2d 30) (1991); *Farm &c. Ins. Co. v. Skelton*, 235 Ga. App. 507, 508 (510 SE2d 76) (1998).

Here, Patterson acknowledged that he had not been charged with violation of the statute nor had there been any showing of intent by authorities to take any action pursuant to the statute. He argues, nonetheless, that, based upon *Steffel v. Thompson*, 415 U. S. 452 (94 SC 1209, 39 LE2d 505) (1974) and *Total Vending Svc. v. Gwinnett County*, 153 Ga. App. 109 (264 SE2d 574) (1980), there is an actual controversy.

Both those cases, however, are readily distinguishable from Patterson's situation. In *Steffel*, an anti-Vietnam protestor and his companion were handing out leaflets at a shopping center in 1970. Shopping center employees asked them to stop and summoned police when they refused. Police advised they would be arrested if they continued, and the two left. They returned, however, in two days and were again told to cease or be arrested. Steffel's companion continued and was arrested. Steffel left and instituted his federal declaratory judgment action in which he alleged that he wished to return and leaflet, as guaranteed by the First Amendment, but had not for fear of being arrested.

Under these circumstances, the Supreme Court concluded a viable declaratory judgment action could be alleged absent actual prosecution because of the continuing threat of arrest. The case was remanded for a determination as to whether there existed a " 'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' [Cit.]" *Steffel*, supra at 459. See *Calderon v. Ashmus*, 523 U. S. 740, 749 (118 SC 1694, 140 LE2d 970) (1998).

Patterson has not alleged any facts which can be said to be in any way similar to Steffel's situation. Instead, the challenge here is

merely anticipatory. Compare *State of Ga. v. Café Erotica*, 269 Ga. 486, 487, n. 1 (500 SE2d 574) (1998) with *American Booksellers Assn. v. Webb*, 254 Ga. 399, 401 (2) (329 SE2d 495) (1985).

In *Total Vending*, supra, the company sold and leased coin-operated amusement devices which it contracted to supply for a Gwinnett County bowling facility. The company had also been informed that, if the machines were installed, the county would prosecute it for violation of a county anti-pinball law, violation of which was a misdemeanor. Total Vending contended the local law was in conflict with a state law and sought a declaratory judgment.

An actual controversy was found there due to the company's existing contract to install the machines and the fact that there was an actual controversy regarding the effect of the later-passed state statute on the local legislation.

Again, Patterson has alleged no such controversy. We agree that, under the allegations made, Patterson has no standing.[3] *Medlin v. Mickle*, 240 Ga. 552 (242 SE2d 38) (1978).

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

### DECIDED JANUARY 31, 2000.

*Patterson & Patterson, Yasma Patterson*, for appellant.
*Jackie G. Patterson*, pro se.
*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Christopher S. Brasher, Senior Assistant Attorney General, James J. Phillips, Assistant Attorney General*, for appellee.

---

[3] Patterson acknowledges that, in situations where a criminal act has already been done or charges are already pending, there is no standing to bring a declaratory judgment action. *Shantha v. Municipal Court &c. of Atlanta*, 240 Ga. 280, 281 (240 SE2d 32) (1977); *Pendleton v. City of Atlanta*, 236 Ga. 479 (224 SE2d 357) (1976).