S00A1835. SARRIO et al. v. GWINNETT COUNTY.
(542 SE2d 485)

BENHAM, Chief Justice.

Appellant American Legion has conducted an annual turkey shoot on property it owns in unincorporated Gwinnett County for over 45 years to generate funds to donate to various charitable entities. Upon complaint from a resident of a subdivision adjacent to the property, the Gwinnett County Police Department began an investigation into the legality of the turkey shoots. Section 74-6 of the Gwinnett County Code of Ordinances prohibits the discharge of a weapon within 500 feet of a residence in the unincorporated area of Gwinnett County without obtaining a permit. After finding no permit or zoning variance had been granted, Lieutenant Greg Fowler informed representatives of the American Legion that it was a violation to conduct the shoots and told them to cease immediately or prosecution would commence. Both the police and appellants agreed that the best way to seek judicial review of the matter was to have one person fire a round, have a police officer issue a citation, and have the dispute taken to court.

Thereafter, on October 23, 1999, Lieutenant Fowler issued a citation to appellant Sarrio for violating § 74-6. Sarrio entered a plea of not guilty and filed a motion to strike and quash the citation because the underlying ordinance was unconstitutional. Sarrio and the American Legion then filed a separate civil action against the county in superior court seeking a declaratory judgment that the ordinance was invalid and injunctive relief against the criminal pros-

---

[14] See Divisions 2 and 4, supra.

ecution of and any further prosecutions under the ordinance.

On January 2 , 2000, the trial court in which the civil action was pending granted the county's motion to dismiss based on the reasoning that Sarrio's challenge of the ordinance in his pending criminal prosecution constituted an adequate remedy at law that precludes equitable relief. Furthermore, the trial court noted an injunction was not necessary to protect appellants' property rights against irreparable injury. This appeal followed.

1. The trial court did not err in granting the motion to dismiss with respect to Sarrio. Sarrio was not entitled to have his criminal prosecution enjoined because courts, in general, will not enjoin criminal prosecutions, including those involving the violation of municipal ordinances. *Jewel Tea Co. v. City of Cartersville*, 185 Ga. 799, 802 (196 SE 712) (1938); *Thomas v. Mayor of Savannah*, 209 Ga. 866 (76 SE2d 796) (1953). An exception to the latter rule exists where there is a risk of injury to property. *Harris v. Entertainment Systems*, 259 Ga. 701, 704 (386 SE2d 140) (1989). However, equity courts should not intervene unless it is shown that the prosecutions were for the sole purpose of unlawfully taking property, destroying the business of the plaintiff, or will result in irreparable injury to the plaintiff and that the plaintiff has no adequate remedy at law. *Arnold v. Mathews*, 226 Ga. 809 (177 SE2d 691) (1970); *City of Atlanta v. State*, 181 Ga. 346 (182 SE 184) (1935). An injunction "should never be granted except where there is grave danger of impending injury to person or property rights, and a mere threat or bare fear of such injury is not sufficient." *Thomas*, supra at 867.

At the time the trial court ruled on the motion to dismiss, the criminal prosecution was pending against Sarrio for violation of § 74-6, providing Sarrio with an adequate remedy at law to address the validity of the ordinance. *Pendleton v. Atlanta*, 236 Ga. 479 (2) (224 SE2d 357) (1976). He was also not entitled to the benefit of the exception expressed in *Arnold*, supra, because the trial court found that Sarrio's participation in the turkey shoots did not involve "any property right inuring to him personally" and thus Sarrio cannot demonstrate a "grave danger of impending injury" to his property rights. *Thomas*, supra.

Further, a declaratory judgment is not the proper remedy for addressing pending criminal prosecutions under a municipal ordinance. *Shantha v. Municipal Court of Atlanta*, 240 Ga. 280, 282 (240 SE2d 32) (1977). The purpose of a declaratory judgment is "not to delay the trial of cases of actual controversy but to guide and protect the parties from uncertainty and insecurity with respect to the propriety of some future act or conduct in order not to jeopardize their interest." *Pendleton*, supra at 479 (1). That being the case, the trial court did not err in granting the motion to dismiss with respect to

Sarrio's claim for declaratory judgment.

2. However, applying these same principles to the American Legion, we must conclude that the trial court erred in granting the motion to dismiss. The trial court's order did not address the merits of whether the American Legion was entitled to a declaratory judgment. In determining whether the American Legion was entitled to a declaratory judgment, the trial court should have determined whether

> enforcement of the alleged unconstitutional Act has been undertaken against it, or is about to be undertaken against it and that it is in imminent danger of losing some valuable and irrecoverable property right as a result of a threatened prosecution thereunder.

*Frances Wood Wilson Foundation v. Bell*, 223 Ga. 588 (1) (157 SE2d 287) (1967). The record does not reflect that the American Legion had a criminal prosecution pending against it. Compare *Pendleton*, supra. Since the trial court failed to apply the correct legal standard in reaching its ruling, we remand the case to the trial court for it to consider the American Legion's request for declaratory judgment under the correct principles of law. See *Gwinnett County v. Davis*, 268 Ga. 653 (492 SE2d 523) (1997).

We also conclude the trial court erred with respect to the American Legion's request for injunctive relief. While the trial court found that the American Legion is not in the business of conducting turkey shoots, it also found the American Legion was under a continued threat of prosecution if it continued the turkey shoot and that the American Legion's decision to cease conducting the turkey shoot would result in lost revenue and decreased ability to make charitable contributions. Despite the latter findings, the trial court concluded that this loss was not "an irreparable injury or damage to Plaintiff's property, property rights or business." This conclusion is not supported by the trial court's findings of facts. Compare *Majmundar v. Veline*, 256 Ga. 8 (1) (342 SE2d 682) (1986). Thus, we also remand this case for the trial court to reconsider its conclusion in accordance with its findings of fact.

3. Appellants argue the trial court erred in not ruling upon the validity of § 74-6 because it was preempted by state law and no longer valid. We need not address this enumeration in light of our rulings on the other issues.

*Judgment affirmed in part, reversed in part and remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 5, 2001.

*Chandler & Britt, Walter M. Britt, Deborah F. Weiss*, for appellants.

*Boyce, Ekonomou & Atkinson, Peter F. Boyce, Catherine M. Packwood, Hancock & Echols, Shawn M. Story, Karen G. Thomas*, for appellees.