S10A1147. MAGBY v. CITY OF RIVERDALE et al.

(702 SE2d 159)

NAHMIAS, Justice.

In this declaratory judgment action, Cleo Magby, who runs an in-home daycare for children, seeks to invalidate City of Riverdale Code § 68-33-1, which requires every business that operates in the city to pay an annual occupation tax.[1] In 2007, 2008, and 2009, the

---

[1] The ordinance provides in relevant part as follows:
[A]ny business doing or engaging in business within the City is required annually to have an occupation tax permit from the City for the privilege of engaging in a business, profession or occupation within the City limits, unless city licensing or taxing is prohibited under state law or the activity is exempted by this Article.
City of Riverdale Code § 68-33-1 (a).

City cited Magby for violating the ordinance, and each year she belatedly paid the occupation tax. When the prosecution of the 2009 violation was pending in the City's Environmental Court (City Court), Magby filed this lawsuit in Clayton County Superior Court to have the ordinance declared unconstitutional and to enjoin enforcement of the ordinance against her. The trial court denied the complaint after a bench trial and entered judgment in the City's favor. Magby appealed, and we now affirm.

1. The case before us involves only future prosecutions under Code § 68-33-1. In response to the City's motion to dismiss the complaint, the trial court correctly ruled that Magby could not challenge the prosecution of her prior conduct in a declaratory judgment action. As we have previously explained, "[d]eclaratory relief is not the proper remedy for attacking the constitutionality of a municipal ordinance where the alleged criminal activity has already taken place." *Shantha v. Municipal Court of Atlanta*, 240 Ga. 280, 282 (240 SE2d 32) (1977). The way for Magby to challenge her past and pending City Court prosecutions was to file a petition for certiorari in the Clayton County Superior Court. See OCGA § 5-4-3 (authorizing superior court review of municipal court judgments). She did so when the City Court convicted her of violating the ordinance for operating a business in the City in 2009 without timely paying the occupation tax and securing the required permit. Magby's appeal was not successful, ending in the denial of a petition for certiorari by this Court. See Case No. S10C0922 (June 28, 2010).

At oral argument, Magby characterized her attack on future application of Code § 68-33-1 as an as-applied challenge rather than a facial challenge. We agree. Magby claims that the ordinance violates her due process and equal protection rights because it unreasonably sanctions her for the lawful act of failing to renew an occupation tax permit, it fails to provide her with sufficient notice that the City could sanction her if she fails to renew her permit, and it places her in a class of persons unreasonably sanctioned for not renewing their permits. In terms of relief, the complaint requests a judicial declaration that Code § 68-33-1 is unconstitutional and injunctive relief barring the City from enforcing it against Magby in the future. While a declaration that Code § 68-33-1 is unconstitutional might affect other prosecutions, Magby's claim is limited to the impact that the ordinance has on her.

Magby's due process and equal protection claims all boil down to her concern that she will be cited, prosecuted, and convicted for violating the ordinance in future years simply for failing to renew her occupation tax permit, without evidence that she operated her daycare business at any time during the year in question. However, the ordinance clearly provides that a business may be convicted of a

violation only on proof that it is "doing or engaging in business within the City" during the relevant year — not simply for failing to renew its occupation tax permit if it stops doing business in Riverdale. Code § 68-33-1 (a). At this point, therefore, Magby's claim that the ordinance will be misapplied to her is based on sheer speculation and is really a challenge to the sufficiency of the potential evidence that might be used against her in some future prosecution. If Magby continues her pattern of operating a business in the city without paying the occupation tax until after she is cited for violating Code § 68-33-1, she will have the opportunity in any future prosecution, in both the City Court and on appeal, to challenge the sufficiency of the evidence used to convict her. Consequently, at this juncture declaratory or injunctive relief on constitutional grounds is inappropriate.

2. In response to the City's motion to dismiss the complaint, Magby raised the argument that Code § 68-33-1 is not authorized by either Georgia law or the City Charter. Pretermitting whether this issue was properly raised and preserved for appellate review, we conclude that it is meritless. OCGA § 48-13-6 (b) provides that

> each municipal corporation is authorized but not required to provide by local ordinance or resolution for the levy, assessment, and collection of occupation tax on those businesses and practitioners of professions and occupations which have one or more locations or offices within the corporate limits and to provide for the punishment of violation of such a local ordinance or resolution.

The City Charter in turn authorizes the City to "levy and collect any occupation and business taxes that are not prohibited by the constitution and general law of Georgia" and to require anyone "who transacts business in the city" to "obtain a license or permit for these activities from the city." City of Riverdale Charter § 41. Code § 68-33-1 does precisely what the statute and the City Charter authorize. Accordingly, the trial court did not err in denying the complaint and entering judgment in the City's favor.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 2010.

*Michael B. King*, for appellant.

*Johnson & Freeman, Ronald J. Freeman, Insley & Race, Deana S. Johnson, Joseph R. Buller III*, for appellees.