## S12A0851. MOHWISH v. FRANKLIN et al.
(728 SE2d 240)

NAHMIAS, Justice.

On March 2, 2009, Rossville Police officers seized gaming devices, cash, and records from Appellant Joseph Alan Mohwish during a search of 303 Chickamauga Avenue. On January 4, 2011, a Walker County grand jury indicted Appellant Joseph Alan Mohwish under the Georgia Racketeer Influenced and Corrupt Organizations (RICO) Act, OCGA §§ 16-14-1 to 16-14-15, for allegedly operating an illegal commercial gambling enterprise from January 1 through March 2, 2009. On June 22, 2011, Appellant filed a pro se complaint for a preliminary injunction and other relief against the District Attorney of the Lookout Mountain Judicial Circuit and the Chief of the Rossville Police Department in their official capacities.

Appellant sought the return of the records that the Rossville Police had seized during the search, claiming that he needed the records to comply with the annual filing requirements set forth in OCGA § 16-12-22.1 (j). Section 16-12-22.1 authorizes the operation of raffles by certain entities, including "bona fide nonprofit organizations approved by the sheriff, which are properly licensed pursuant to this Code section." Appellant also sought a declaration that the Michigan Barber School, Inc. (MBS), which is located at 303 Chickamauga Avenue and with which Appellant claims to be affiliated, is a licensed raffle operator under OCGA § 16-12-22.1 and is therefore lawfully authorized to conduct raffles in Walker County. In addition, Appellant sought a preliminary injunction restraining Appellees from "interfering with, arresting, harassing, or seizing the property of MBS, its agents and employees unless and until the defendants comply with the procedural prerequisites" of OCGA § 16-12-22.1 to revoke or suspend MBS's raffle license.

On June 29, 2011, the trial court entered judgment on the pleadings, taking judicial notice of Appellant's RICO indictment and dismissing the complaint pursuant to OCGA § 9-5-2, which states,

"Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Appellant wanted the trial court in this civil case to interfere with his ongoing criminal prosecution, so the trial court was correct in dismissing the complaint. See *Pendleton v. City of Atlanta*, 236 Ga. 479, 480 (224 SE2d 357) (1976). We therefore affirm.[1]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 29, 2012 —
RECONSIDERATION DENIED JUNE 18, 2012.

Joseph A. Mohwish, *pro se.*
*Herbert E. Franklin, Jr., District Attorney*, for appellees.

---

[1] Appellant filed in this Court motions to supplement or correct the record on February 1, 8, and 13, 2012. Appellant's motions seek to add to the record on appeal documents from 2012 that have no bearing on the dismissal order, which was entered on June 29, 2011. Accordingly, these motions are denied.