In the Supreme Court of Georgia

Decided: May 9, 2016

S16A0294.  GEORGIACARRY.ORG et al v. ATLANTA BOTANICAL
GARDEN, INC.

HUNSTEIN, Justice.

Appellants GeorgiaCarry.org and Phillip Evans appeal the dismissal of
their petition for declaratory and injunctive relief as to the Atlanta Botanical
Garden's prohibition of weapons on the Garden's premises.  We affirm in part
and reverse and remand in part.

The facts are not in dispute.  The Garden is a non-profit corporation that
operates a botanical garden complex on property leased from the City of Atlanta.
Evans, who holds a Georgia weapons carry license, visited the Garden twice in
October 2014 and wore a handgun in a waistband holster each time.  After
gaining admission to the Garden on his second visit, Evans was stopped by an
employee of the Garden and advised that he could not carry the weapon at the
Garden; a security officer detained Evans, and Evans was eventually escorted
from the Garden by an officer with the Atlanta Police Department.

Appellants subsequently petitioned the Fulton County Superior Court for declaratory and injunctive relief on the basis that OCGA § 16-11-127 (c)[1] authorizes Evans – and similarly licensed individuals – to carry a weapon at the Garden. Appellants sought a declaration that the Garden could not prohibit licensed individuals from "carrying weapons on property that the Garden leases from the City of Atlanta," an injunction prohibiting the Garden from "causing the arrest or prosecution of [licensed individuals] from carrying weapons at the [Garden]," and an interlocutory injunction prohibiting the Garden from "banning the carrying of weapons at the [Garden] by [licensed individuals] or

---

[1]OCGA § 16-11-127 (c) states as follows:

A license holder or person recognized under subsection (e) of Code Section 16-11-126 shall be authorized to carry a weapon as provided in Code Section 16-11-135 and in every location in this state not listed in subsection (b) or prohibited by subsection (e) of this Code section; provided, however, that private property owners or persons in legal control of private property through a lease, rental agreement, licensing agreement, contract, or any other agreement to control access to such private property shall have the right to exclude or eject a person who is in possession of a weapon or long gun on their private property in accordance with paragraph (3) of subsection (b) of Code Section 16-7-21, except as provided in Code Section 16-11-135. A violation of subsection (b) of this Code section shall not create or give rise to a civil action for damages.

2

from causing [their] arrest or prosecution . . . for carrying weapons at the [Garden]." In response, the Garden moved to dismiss the complaint, arguing, inter alia, that a declaratory action may not be used to interpret a criminal statute, that a declaratory action may not be used to compel a party to take (or refrain from taking) specific action, and that an injunction may not be used to inhibit or control the enforcement of criminal laws. The trial court, agreeing with the Garden's position, granted the motion to dismiss.

1. Appellants first argue that the trial court erroneously dismissed their declaratory judgment action; we agree.

It is well settled that

[a] motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Footnotes omitted.) Anderson v. Flake, 267 Ga. 498, 501 (2) (480 SE2d 10)

3

(1997). "On appeal, a trial court's ruling on a motion to dismiss for failure to state a claim for which relief may be granted is reviewed de novo." Northway v. Allen, 291 Ga. 227, 229 (728 SE2d 624) (2012).

"The State Declaratory Judgment Act gives superior courts the power to declare rights and other legal relations of any interested party in 'cases of actual controversy' under OCGA § 9-4-2(a) and 'in any civil case in which it appears to the court that the ends of justice require that the declaration should be made.' OCGA § 9-4-2(b)." Leitch v. Fleming, 291 Ga. 669, 670 (1) (732 SE2d 401) (2012). Such relief is authorized when there are "circumstances showing [a] necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest." Morgan v. Guaranty National Companies, 268 Ga. 343, 344 (489 SE2d 803) (1997). "'The proper scope of declaratory judgment is to adjudge those rights among parties upon which their future conduct depends.'" SJN Properties, LLC v. Fulton County Board of Assessors, 296 Ga. 793, 802 (2) (b) (iii) (770 SE2d 832) (2015).

Relying on Butler v. Ellis, 203 Ga. 683 (47 SE2d 861) (1948), the trial court dismissed Appellants' petition for declaratory relief on the basis that it impermissibly required the trial court to interpret and apply a criminal statute. See Butler, 203 Ga. at 683 (no justiciable controversy where petitioners sought a declaration that intoxicating liquors could be sold legally at a private social club in Fulton County because equity "will take no part in the administration of criminal law").[2] See also Martin v. Slaton, 125 Ga. App. 710 (188 SE2d 926) (1972). However, a declaratory judgment action is not inappropriate merely because it touches upon a question of criminal law; in fact, such an action "is an available remedy to test the validity and enforceability of a statute where an actual controversy exists with respect thereto." Total Vending Service, Inc. v. Gwinnett County, 153 Ga. App. 109, 110 (264 SE2d 574) (1980). See also Sarrio v. Gwinnett County, 273 Ga. 404 (2) (542 SE2d 485) (2001) (authorizing a declaratory judgment action challenging the validity of municipal ordinance

---

[2] We note that while *equity* will "take no part in the administration of the criminal law," see OCGA § 9-5-2, it is well established that a request for declaratory relief is generally an action *at law*. See Harper v Gunby, 215 Ga. 466, 469 (3) (111 SE2d 85) (1959) ("Under the above ruling, the equitable feature of the case is removed, leaving the action solely one at law under the Declaratory Judgment Act.").

criminalizing the discharge of a weapon in certain areas of Gwinnett County); State v. Café Erotica, Inc., 269 Ga. 486 (500 SE2d 574) (1998) (addressing the merits of a declaratory judgment action challenging a statute making it a misdemeanor to knowingly admit a person under the age of 21 to premises on which sexually explicit performances take place). Declaratory relief is not available, though, where the criminal conduct has already been completed, where a prosecution is pending, or where there has already been a conviction. See, e.g., Shantha v. Municipal Court of City of Atlanta, 240 Ga. 280, 281 (240 SE2d 32) (1977) ("Declaratory relief is not the proper remedy for attacking the constitutionality of a municipal ordinance where the alleged criminal activity has already taken place."); Ross v. State, 238 Ga. 445, 445 (233 SE2d 381) (1977) (recognizing that a declaratory action is "not maintainable by persons already convicted of crimes who wish to examine or reexamine aspects of the conviction or sentence"); Pendleton v. City of Atlanta, 236 Ga. 479 (1) (224 SE2d 357) (1976) (no declaratory relief where petitioners were already subject to criminal proceedings); Clark v. Karrh, 223 Ga. 851 (159 SE2d 75) (1968) (petition for declaratory relief properly dismissed where criminal conduct had

6

already occurred and petitioners were being prosecuted).[3]  On the other end of the spectrum, mere speculation regarding the application of a criminal provision is insufficient to maintain a declaratory judgment action because the requisite justiciable controversy is absent.  See Magby v. City of Riverdale, 288 Ga. 128, 130 (1) (702 SE2d 159) (2010) ("sheer speculation" and "a challenge to the sufficiency of the potential evidence that might be used against [petitioner] in some future prosecution" insufficient to warrant declaratory relief); Frances Wood Wilson Foundation, Inc. v. Bell, 223 Ga. 588 (157 SE2d 287) (1967) (declaratory relief not available where there was no prosecution or threat of prosecution under challenged local law); Patterson v. State, 242 Ga. App. 131 (528 SE2d 884) (2000) (declaratory judgment action properly dismissed where petitioner failed to demonstrate that there was any threat of enforcement or prosecution of a challenged statute).  We must now determine where Appellants' petition falls along this spectrum.

Though OCGA § 16-11-127 (c) is found within the confines of the

---

[3] But see Sarrio, 273 Ga. at 406 (declaratory action may continue with respect to one party after criminal conduct had occurred where that party, unlike others, was not being prosecuted).

criminal code, Appellants here "do[] not seek an advisory opinion that [their] proposed actions would not be criminal." Total Vending Service, 153 Ga. App. at 111. Instead, Appellants seek a determination of whether licensed individuals may carry a weapon on the grounds of the Garden in accordance with OCGA § 16-11-127 (c). See Total Vending, 153 Ga. App. at 111. Further, Appellants' requested relief is not premised on mere speculation that the Garden will enforce its weapons ban; Evans, who holds a membership with the Garden, has already been asked to leave the premises of the Garden and was escorted from the property by law enforcement. Importantly, however, there is no allegation here that criminal conduct has been accomplished. See Osborne v. State, 290 Ga. App. 188 (665 SE2d 1) (2008) (recognizing that an essential element of criminal trespass is a showing that entry onto the premises had been previously been expressly forbidden). Accordingly, Appellants request for declaratory relief was not impermissible, and it was error to dismiss Appellants' declaratory judgment action on the basis that it improperly called for the interpretation and application of a criminal statute.

Additionally, we disagree with the trial court that the declaratory relief requested here, if granted, would somehow require action by the Garden or some

8

other third party. See Baker v. City of Marietta, 271 Ga. 210, 213 (1) (518 SE2d 879) (1999) ("The Declaratory Judgment Act provides a means by which a superior court 'simply declares the rights of the parties or expresses [its] opinion . . . on a question of law, without ordering anything to be done.'"). While the wording of the petition requests a declaration that the Garden "may not ban" licensed individuals from carrying weapons at the facility, the practical effect of the request – and the relief sought – is simply a declaration that Evans, and similarly licensed individuals, may carry their respective weapons on the Garden's premises. That relief, if granted, is simply a declaration of rights and requires no action on the part of the Garden or anyone else. See Burton v. Glynn County, 297 Ga. 544, 550 (4) (776 SE2d 179) (2015) (a declaratory judgment is "an order simply delineating what the applicable legal authority requires or prohibits"). Cf. Charles H. Wesley Educ. Foundation, Inc. v. State Election Bd., 282 Ga. 707 (4) (654 SE2d 127) (2007) (declaratory judgment may not be used to compel rule-making process); Gelfand v. Gelfand, 281 Ga. 40, 40 (635 SE2d 770) (2006) (declaratory judgment could not be used to compel ex-husband to provide additional funds to ex-wife).

The trial court erred by dismissing Appellants' request for declaratory

9

judgment on the basis that it impermissibly asked the trial court to interpret a criminal statute and that it improperly compelled action by the Garden. Accordingly, the trial court's order is reversed in this respect and this action remanded for further proceedings.

2. The trial court also dismissed Appellants' request for injunctive relief; this was proper in part.

Appellants sought a permanent and interlocutory injunction prohibiting the Garden "from causing the arrest or prosecution" of licensed individuals who carry weapons at the facility. As Appellants recognize on appeal, however, the Garden is not a government entity and it lacks the power to administer the criminal law. Because the Garden lacks the authority to administer the criminal law, enjoining the Garden from "causing" an arrest or prosecution would be fruitless. See generally State v. Wooten, 273 Ga. 529. 531 (2) (543 SE2d 721) (2001) (recognizing the broad discretion of prosecutors in making decisions about whom to prosecute and what charges to bring). Further, this portion of Appellants' requested injunctive relief – enjoining the arrest or prosecution of Appellants – squarely implicates the administration of criminal law and, thus, is improper. See Mohwish v. Franklin, 291 Ga. 179, 179-180 (728 SE2d 240)

10

(2012) (injunction not available where sought to interfere with an ongoing prosecution); <u>Holmes v. Board of Comm.</u>, 271 Ga. 206 (517 SE2d 788) (1999) (injunction not available to restrain trespass prosecution); <u>City of East Point v. Minton</u>, 207 Ga. 495, 499 (62 SE2d 911) (1951) (recognizing that "'[e]quity will not enjoin a criminal prosecution solely to prevent such a prosecution'").

On the other hand, Appellants also sought an interlocutory injunction prohibiting the Garden from banning licensed individuals from carrying weapons on the Garden's premises. For the reasons discussed above, however, this claim – which is identical to Appellants' claim for declaratory relief – does not improperly implicate the administration of criminal law. Accordingly, this portion of Appellants' claim for injunctive relief was improperly dismissed.

<u>Judgment affirmed in part and reversed in part and case  remanded.  All the Justices concur.</u>