## 35241. STEPHENS v. STEPHENS.

BOWLES, Justice.

The parties in this case were divorced in October of 1977. Appellant, Bernice A. Stephens, was awarded custody of the parties' minor daughter (presently four-and one-half years old) and appellee, Eugene Garrett Stephens, was ordered to pay child support and was given visitation rights. Mrs. Stephens brought a contempt action against Mr. Stephens for failure to pay child

support. Mr. Stephens brought a contempt action against Mrs. Stephens for failure to permit visitation. Mrs. Stephens also made a motion to modify visitation to provide for Mr. Stephens' visits with his child to be limited and supervised. At the hearing both parties were found in contempt and ordered to comply with the provisions of the divorce decree. The trial court refused to modify visitation saying: "There has been no substantial change in condition since the time of this Court's Final Judgment And Decree Of Divorce in this case such as would justify a modification of the Defendant's visitation rights." Only the refusal to modify visitation has been appealed.

We reverse.

Under Code Ann. § 30-127 (Ga. L. 1957, pp. 412, 413; 1962, pp. 713, 714; 1976, p. 1050; 1978, pp. 258, 272, eff. Jan. 1, 1979) and the cases interpreting it, a trial judge may modify visitation rights once in each two-year period following the date of the entry of the judgment *without* any showing of a change in conditions or circumstances of the parties. See *Sampson v. Sampson,* 240 Ga. 118 (239 SE2d 519) (1977); *Nipper v. Rich,* 241 Ga. 123 (244 SE2d 237) (1978). Since the trial court applied an improper standard in reaching its decision, this case must be reversed to permit the judge the opportunity of exercising a proper discretion.

*Judgment reversed. All the Justices concur.*

SUBMITTED AUGUST 30, 1979 — DECIDED OCTOBER 16, 1979.

*M. Ayres Gardner,* for appellant.
*Eugene Garrett Stephens,* pro se.