## 36354. CAMERON v. RICHARDS et al.

NICHOLS, Justice.

Bruce Cameron appeals the denial of his motion for contempt.

He and Michael Richards were partners in a business known as Esquire Painting and Remodeling. Richards signed a contract with Bill Spreen Toyota. Richards later told Cameron he was planning to keep the profits from the job and to leave the state.

Cameron filed a suit in equity against Richards seeking dissolution of the partnership and accounting. Bill Spreen Toyota was joined as a party defendant so an order could be obtained requiring Spreen to pay the sum due on the contract into the registry of the court.

On October 10, 1979, a temporary restraining order was entered restraining Richards from converting partnership money and property to his own use, and ordering Spreen to pay into the registry of the court such sums as were due or became due by Spreen to Esquire Painting and Remodeling. Cameron's attorney certified to the court that Richards and Spreen had been notified that a temporary restraining order to that effect was being sought and when and where the hearing would be held.

On October 16, 1979, Spreen was served with a copy of the complaint and summons, and with a copy of the restraining order which was unconformed as to the signature of the judge and the date of signing and entry. Spreen thereafter paid Richards, and Cameron sought contempt against Spreen. The attachment for contempt was denied for the reason, expressed in the order, "that the pleadings are not in proper form."

This court granted Cameron's application and reverses.

A party is bound by a restraining order of which he has notice despite the fact that personal service of the order upon him may have been defective in some respect. Code Ann. § 81A-165 (d); *Murphey v. Harker,* 115 Ga. 77 (5) (41 SE 585) (1902); *Anderson v. Hall,* 128 Ga. 525 (1) (58 SE 43) (1907); *Patten v. Miller,* 190 Ga. 152 (3) (8 SE2d 786) (1940). Spreen became a party defendant to the suit in equity when served with process on October 16, 1979. Spreen had been notified of the October 10, 1979, hearing on the motion for the restraining order.

The order of the trial court denied Cameron an opportunity to prove whether or not Spreen was on notice of the order's entry. This denial was premised upon the improper basis that the papers served on Spreen were not in proper order. Although the trial court exercised a broad discretion in passing upon the motion for contempt (*Patten v. Miller,* supra), that discretion should have been exercised

based upon proper legal standards. Accordingly, "this case must be reversed to permit the judge the opportunity of exercising a proper discretion." *Stephens v. Stephens,* 244 Ga. 467, 468 (260 SE2d 875) (1979).

This court cannot hold that service of the unconformed copy of the restraining order was sufficient as a matter of law to give notice to Spreen that the order had been entered. The fact that the order was not conformed might indicate that the motion for restraining order still was pending and the order had not been entered. However, the trial court as finder of the facts would be authorized to find that notice to Spreen that a restraining order was being sought, together with Spreen's later receipt of an unconformed copy of a restraining order, was sufficient to put Spreen on inquiry as to whether or not the order had been entered.

The trial court was not required to deny the motion for contempt because the service copy of the order on the motion for contempt was unconformed as to the signature of the judge and the date of signing and entry. The case is reversed and remanded so the trial court may exercise a legal discretion. *Stephens v. Stephens,* supra.

*Judgment reversed. All the Justices concur, except Jordan, P. J., who dissents.*

SUBMITTED JUNE 13, 1980 — DECIDED SEPTEMBER 4, 1980.

*Dwight Bowen, Frank L. Derrickson,* for appellant.
*Homer Mullins, Stephen H. Block,* for appellees.