## A90A0241. CALHOUN v. MAYNARD et al.
### (395 SE2d 645)

Beasley, Judge.

Plaintiff Calhoun appeals the denial of her motion for new trial in this wrongful death case, bottomed on three errors in the jury charge and contending that she had ineffective assistance of counsel.

Viewed in favor of the verdict, the evidence was that Calhoun's daughter Nancy, whose chronological age was 18 and whose mental age was less than 2, resided in a group home due to her severe retardation and epilepsy. She was given Dilantin to control her seizures. Defendant Maynard had worked part-time at the home for several years. Defendant Scarborough was the home's supervisor. Two part-time workers working separate shifts covered weekends and holidays. The eight residents of the home all suffered from mental and physical handicaps. The policy of "least restrictive environment" required that the residents be allowed as much activity as they were able to do and to be given privacy to the extent possible.

Because Nancy was unable to perform most self-care activities alone, Maynard's practice was to run a small amount of water in the tub, the length of which was less than Nancy's height, and to assist her in her bath. Two other residents also helped. One was able to basically care for herself and assisted Maynard regularly in the care of Nancy and other residents.

On Sunday, January 27, 1985, Maynard ran the water in the second floor bath and turned it off. One of the two assisting residents was undressing Nancy when Maynard was distracted by something on the first floor and went to check on it. She was gone less than two minutes when the second resident came to her and indicated something was wrong with Nancy. Maynard found Nancy lying on the floor in the bedroom adjacent to the bathroom with her legs bent under her, without respiration and with only a weak pulse. She called Scarborough and an ambulance, which arrived in one minute, but Nancy could not be revived. Neither of the other residents was capable of testifying nor of advising the authorities of what occurred after Maynard left the bathroom.

The medical examiner concluded that Nancy drowned, with a secondary diagnosis of Down's Syndrome and epilepsy. He also said an epileptic seizure could have caused the drowning. Defendants contended she could have fallen face down in the tub as a result of slipping or a seizure. There was evidence her seizures would cause her to lose consciousness.

The complaint and pretrial order alleged only ordinary negligence. At the beginning of trial, the court specifically confirmed that this was plaintiff's sole theory.

1. Appellate counsel contends that a new trial is demanded because Calhoun was rendered ineffective assistance by her chosen trial counsel. No citation of authority is given. If a constitutional right is impliedly invoked, it is of no avail.

The Sixth Amendment to the federal Constitution and Art. I, Sec. I, Par. XIV of the Georgia Constitution provide for effective assistance of counsel for one charged with a criminal offense, not participants in a civil dispute. Cf. *Haynes v. City of Lake City*, 136 Ga. App. 112, 113 (220 SE2d 33) (1975).

2. The first and second enumerations claim error in the court's failure to charge on negligence per se and professional negligence. Neither charge was requested below, nor was the failure to so charge objected to after instructions were given.

Although copies of the DHR standards applicable to group homes and now urged as the basis for negligence per se were appended to Calhoun's motion for new trial, these standards were neither referred to nor introduced during trial. They will not be considered here. *Ekstedt v. Charter Med. Corp.*, 192 Ga. App. 248, 249 (2) (384 SE2d 276) (1989).

Since there was no evidence of either negligence per se or professional negligence as such and no request for such charges, their omission was not error. *Carrandi v. Sanders*, 188 Ga. App. 562, 564 (2) (373 SE2d 661) (1988); *Medoc Corp. v. Keel*, 166 Ga. App. 615, 618 (2) (305 SE2d 134) (1983); see *Georgia Kraft Co. v. Laborer's Int'l Union*, 170 Ga. App. 581, 585 (317 SE2d 602) (1984); OCGA § 5-5-24.

3. The court charged on the principle of accident. *Chadwick v. Miller*, 169 Ga. App. 338, 339 (1) (312 SE2d 835) (1983); *Wallace v. Ramey*, 191 Ga. App. 293, 294 (2) (381 SE2d 434) (1989); *Martini v. Nixon*, 185 Ga. App. 328 (2) (364 SE2d 49) (1987). It was objected to on the ground that there was no evidence of an accident. Plaintiff contended that the evidence was that "the cause of death was drowning . . . and we're alleging that her death was not the seizure, but her death was a result of Ms. Maynard's not being present when the seizure or whatever took place. . . ."

No witnesses were able to testify what occurred after Maynard left the bathroom. Defendants posited that Nancy could have had a seizure, falling face down in the water and drowning or that she slipped and fell. Plaintiff postulated that, had Maynard been present, Nancy would not have been face down in the water at all.

On the conflicting evidence, the jury could have rejected both possibilities and concluded that Maynard, if present, could not have prevented seizure or subsequent drowning. The autopsy showed that

Nancy was alive when she was taken out of the tub, because she aspirated blood from her injured nose. Maynard had no CPR training. The ambulance crew which arrived quickly could not resuscitate Nancy.

The evidence warranted the charge. *Jump v. Benefield*, 193 Ga. App. 612, 614 (2) (388 SE2d 864) (1989).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 3, 1990.

*Ellerin & Williams, Irwin M. Ellerin, Denise A. Hinds*, for appellant.

*Beck, Owen & Murray, Richard L. Collier*, for appellees.