## A94A2527. FINCH v. BROWN.
(454 SE2d 807)

RUFFIN, Judge.

Barbara A. Finch appeals from the trial court's entry of a declaratory judgment against her. The entire record from the proceedings below consists of the complaint for declaratory judgment filed by Nell Brown, the entry of service, Finch's answer and the trial court's final order.

The limited record shows that Brown sold a house to Finch, and pursuant to a written agreement between the parties, Brown maintained possession of a specified part of the house. When a dispute arose concerning certain possessory rights, Brown filed the complaint for declaratory judgment. After a hearing, the court declared Brown was entitled to possession and use of the east wing of the house, which included the dining room.

In her appeal, Finch enumerates 16 errors. Initially we note that there is no indication in the record that Finch preserved any of these enumerations for appeal, which in itself is sufficient to dispose of all 16 enumerations. See *Dickens v. Calhoun First Nat. Bank*, 208 Ga. App. 489 (1) (431 SE2d 121) (1993). " 'Notwithstanding the deficiencies in [Finch's] presentation, we are willing, because of [Finch's] pro se status, to review the merits of [Finch's] argument to the extent that we can discern what those arguments are. However, in spite of our leniency, [Finch] still has the burden of showing error affirmatively by the record. (Cit.)' [Cit.]" *McHaffie v. Decatur Fed. Savings &c. Assn.*, 214 Ga. App. 368, 369 (448 SE2d 36) (1994).

1. In two enumerations of error, Finch asserts the trial court erred in limiting the testimony of certain witnesses. Since the "[a]dmissibility of evidence is a matter which rests largely within the sound discretion of the trial court" *Central of Ga. R. Co. v. Butts*, 211 Ga. App. 619 (1) (440 SE2d 218) (1993), and there is no record showing the nature of the proffered evidence, these enumerations of error are without merit.

2. In four enumerations of error, Finch asserts the trial court erred in its interpretation of the evidence. "In a bench trial the court sits as trier of fact and its findings will not be set aside unless clearly erroneous." (Citations and punctuation omitted.) *Lanier v. State of Ga.*, 212 Ga. App. 51, 52 (441 SE2d 87) (1994). Since there is no indication from the limited record that any clearly erroneous findings were made in this case, we find no error.

3. In four enumerations of error, Finch attacks the performance of her trial counsel. These enumerations are essentially an assertion that Finch had ineffective assistance by her chosen trial counsel. "The Sixth Amendment to the federal Constitution and Art. I, Sec. I, Par. XIV of the Georgia Constitution provide for effective assistance of counsel for one charged with a criminal offense, not participants in a civil dispute. [Cit.]" *Calhoun v. Maynard*, 196 Ga. App. 219, 210 (1) (395 SE2d 645) (1990). Accordingly, these enumerations are without merit.

4. Finch asserts the trial court erred in having no recorded transcript of the trial. While under OCGA § 5-6-41 (j) any party may, as a matter of right, have a case reported at that party's expense, that section does not require a trial court in a civil action to have the pro-

ceedings and evidence reported by a court reporter. Accordingly, this enumeration is without merit.

5. To the extent we can ascertain the grounds for Finch's remaining enumerations, we are compelled to presume that the trial judge correctly ruled on the issues presented since there is no transcript of the proceedings below. *McClaskey v. Jiffy Lube*, 197 Ga. App. 537 (398 SE2d 825) (1990).

6. Brown's motion for sanctions pursuant to Court of Appeals Rule 26 (b) is denied.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 28, 1995.

Barbara A. Finch, *pro se.*
*Collier, Hunt & Gamble, Edward R. Collier,* for appellee.