## S97A0392. MATHES v. MATHES.
### (483 SE2d 573)

CARLEY, Justice.

The trial court ordered mediation in this divorce case and Samuel Rhea Mathes III (Husband) and Beverly Jean Mathes (Wife) and their respective attorneys met with a mediator. After an extended mediation session, a settlement agreement was reached which was memorialized by a handwritten document that both parties and their attorneys initialed. Subsequently, however, Wife refused to sign a typewritten settlement agreement prepared from the handwritten document. Husband filed a motion to enforce the settlement agreement. After a hearing, the trial court denied Husband's motion in an order which did not specify the grounds for doing so. The trial court did, however, certify its order for immediate review, and we granted Husband's application for an interlocutory appeal from the order denying his motion to enforce the settlement agreement.

After Wife refused to sign the typewritten settlement agreement, her attorney wrote a letter to Husband's attorney which expressed Wife's attorney's concern with regard to the possibility that, in advising Wife, he had been influenced by his close personal relationship with Husband's attorney. Upon considering this letter at the hearing on Husband's motion, the trial court opined that Wife's attorney may have been "subconsciously unable to render [Wife] effective assistance of counsel." However, the constitutional right to effective assistance of counsel does not extend to participants in a civil dispute. *Finch v. Brown*, 216 Ga. App. 451, 452 (3) (454 SE2d 807) (1995). A deficient performance on the part of Wife's attorney, in his capacity as her agent, would not, by itself, provide her a defense to enforcement of the settlement agreement, although it would give rise to a possible claim against him personally. Moreover, it is clear that, in

this case, the enforceability of the settlement agreement is in no way dependent upon the apparent authority of Wife's attorney to bind her to that agreement, since it is undisputed that Wife herself agreed to the settlement which Husband seeks to enforce. Compare *Pembroke State Bank v. Warnell*, 266 Ga. 819 (471 SE2d 187) (1996); *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983). "The *parties* to a [divorce case] may by oral agreement compromise and settle the same, which will bind them although not reduced to writing. [Cit.]" (Emphasis supplied.) *Herndon v. Herndon*, 227 Ga. 781, 783-784 (183 SE2d 386) (1971). Thus, the possibility that Wife's attorney was influenced by his close relationship with Husband's attorney did not, without more, authorize the trial court to deny the motion to enforce the settlement agreement.

In a divorce action, a settlement agreement, "if accepted by the court, becomes the judgment of the court itself and therefore the court has the discretion to approve or reject the agreement, in whole or in part. [Cit.]" *Bridges v. Bridges*, 256 Ga. 348, 350 (1) (349 SE2d 172) (1986). This discretion is not absolute and can be abused. See *Vereen v. Vereen*, 226 Ga. 500, 501 (2) (175 SE2d 865) (1970). However, before it can be determined whether the trial court abused its discretion, it must first be determined that the trial court did, in fact, exercise that discretion.

In addition to her contention regarding the close relationship between the attorneys, Wife made several other arguments as to why the trial court should not enforce the settlement agreement against her. A review of the transcript of the hearing shows, however, that the trial court did not address those contentions, but that it did continually express concern over the possibility that Wife's attorney was unduly influenced by Husband's attorney, and at one point, it explicitly declined to consider any issue of fairness. The final order does not specify the reason or reasons why the trial court denied Husband's motion to enforce the settlement agreement. Therefore, we cannot conclude that the trial court did, in fact, exercise its discretion to approve or reject the settlement in this divorce case. To the contrary, it appears that the trial court may not have exercised its discretion, because it was under the erroneous impression that the agreement was unenforceable merely by virtue of the relationship between the attorneys. In these circumstances, the appropriate remedy is to remand the case to the trial court. *Monteith v. Story*, 255 Ga. 528, 529 (341 SE2d 1) (1986). Therefore, we reverse the trial court's judgment denying Husband's motion to enforce the settlement agreement, and remand the case so that the trial court may, in accordance with this opinion, exercise its discretion and enter a new order. See *Cameron v. Richards*, 246 Ga. 231, 232 (271 SE2d 146) (1980).

*Judgment reversed and case remanded. All the Justices concur,*

*except Hunstein, J., who concurs in the judgment only.*

DECIDED APRIL 14, 1997.

*Boone, Papadakis & Levine, David N. Levine,* for appellant.
*Smith, Ronick & Corbin, Howard R. Ronick,* for appellee.