A97A1272. JERUSHEBA v. THE STATE.
(487 SE2d 465)

MCMURRAY, Presiding Judge.

Defendant Jerusheba appeals his conviction of the offense of

stalking, OCGA § 16-5-90 (a). *Held*:

1. Defendant questions the sufficiency of the evidence at trial to authorize his conviction. Considered in the light most favorable to sustaining the verdict of the jury, the evidence at trial shows that defendant was known to the victim only because they were occasionally both passengers on a public transit bus. The 66-year-old victim had never initiated or held any conversation with defendant beyond an exchange of "good morning" greetings such as she customarily made to the driver and all present when she boarded the bus. The victim received a series of five sexually explicit letters which defendant admitted sending. She had no idea how defendant learned her last name and address. The first two letters were thrown away while the final three were presented in evidence at trial. Upon receipt of the third letter the victim complained to postal authorities and then to the police.

OCGA § 16-5-90 (a) provides that: "A person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person. For the purpose of this article, the term 'place or places' shall include any public or private property occupied by the victim other than the residence of the defendant. For the purposes of this article, the term 'harassing and intimidating' means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear of death or bodily harm to himself or herself or to a member of his or her immediate family, and which serves no legitimate purpose. This Code section shall not be construed to require that an overt threat of death or bodily injury has been made."

In the case sub judice, the evidence shows that defendant contacted (that is, got in touch with or communicated with) the victim by mail at her home. *Johnson v. State*, 264 Ga. 590, 591 (1) (449 SE2d 94). The victim's home is a "place or places" as defined in the statute. The victim testified that she did not consent to the contact. Defendant maintains that he met the victim through general conversations held on the bus and thought he had recognized signs of sexual interest from her. Defendant testified that he had written, stating his name and that he would like to call on her, and had undertaken to write the series of letters to give her "some idea as to where I'm coming from, what I'm about."

Regardless of defendant's explanation of his motives, we find that the jury was authorized to conclude that defendant engaged in a knowing and wilful course of conduct towards the victim which was intended to and did place her in reasonable fear of bodily harm. This emotional distress was reasonable in view of the content of the

letters sent by defendant. The letters contained lurid, detailed, and graphic descriptions of defendant's sexual aspirations concerning the victim with whom he had no prior relationship of any substance. Whether the explicit sexual references alone were threatening to a reasonable person need not be determined since they were combined with defendant's statements that he had been recently present outside the victim's home awaiting some signal that his overtures had been accepted or by expressions of his intent to return to the victim's home at some specified time to fulfill his sexual desires. The jury could find that these circumstances combined to amount to a thinly veiled threat communicated without any legitimate purpose. That the defendant did not appear at the victim's door does not abrogate the offense arising from the intentional infliction of emotional distress upon her. The evidence is sufficient to authorize a reasonable trier of fact to conclude that defendant was guilty beyond a reasonable doubt of the offense of stalking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Adkins v. State*, 221 Ga. App. 460 (471 SE2d 896).

2. Defendant's remaining enumerations of error complain that his arrest was illegal in that the arrest warrant was invalid due to the insufficiency of the supporting affidavit. However, defendant does not seek the exclusion of any evidence obtained as a result of the arrest, and any illegal arrest, without more, would not amount to a bar to prosecution or a defense to a valid conviction. *Ricks v. State*, 204 Ga. App. 441, 442 (1) (419 SE2d 517).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED JUNE 4, 1997 — 

 Before Judge Workman.

K. David-Glen R. Jerusheba, *pro se.*

*Ralph T. Bowden, Jr., Solicitor, Noah H. Pines, W. Cliff Howard, Assistant Solicitors*, for appellee.