## A03A0851. JOHNSON v. SMITH.
(580 SE2d 674)

MILLER, Judge.

On behalf of her minor daughter Christina, Casandra Smith civilly petitioned the trial court for a protective order under OCGA § 16-5-94 (d) to enjoin Aaron Johnson from stalking Christina. Following an evidentiary hearing, the court granted the protective order and enjoined Johnson from approaching, following, placing under surveillance, or contacting Christina or her immediate family. Johnson appeals, claiming (1) he was afforded ineffective assistance of counsel, (2) the evidence did not sustain the judgment, and (3) the trial court abused its discretion in questioning Christina. We discern no error and affirm.

The undisputed evidence shows that at a local high school, Johnson repeatedly placed Christina under surveillance, took pictures of her, and shouted at her. Fearful of Johnson's antics, Christina demanded that Johnson cease this behavior and complained to school officials (who admonished Johnson to discontinue the behavior), all to no avail. Johnson then contacted Christina's mother Casandra at her workplace.

On behalf of her daughter, Casandra filed a civil petition to enjoin the stalking behavior. An evidentiary hearing followed, at which retained counsel represented Johnson. Based on the above evidence, the court entered a protective order under OCGA § 16-5-94 (d) that enjoined Johnson from contacting Christina or her immediate family and from approaching within 50 yards of Christina or her immediate family or school. Johnson appeals.

1. Johnson first claims that he was denied effective assistance of counsel. "However, the constitutional right to effective assistance of counsel does not extend to participants in a civil dispute. *Finch v. Brown*, 216 Ga. App. 451, 452 (3) (454 SE2d 807) (1995)." *Mathes v. Mathes*, 267 Ga. 845 (483 SE2d 573) (1997). Accordingly, this enumeration is without merit. *Finch*, supra, 216 Ga. App. at 452 (3); see *Calhoun v. Maynard*, 196 Ga. App. 219, 220 (1) (395 SE2d 645) (1990).

2. Johnson next claims that no evidence showed he was stalking Christina. The evidence cited above showed that over Christina's objections, Johnson repeatedly placed her under surveillance, took pictures of her, and shouted at her at school for the purpose of harassing and intimidating her, which placed her in fear for her safety. This constituted stalking under OCGA § 16-5-90 (a) (1) and justified the entry of the protective order under OCGA § 16-5-94 (d). See *Crenshaw v. State*, 237 Ga. App. 511, 514 (1) (515 SE2d 642) (1999).

3. Johnson also contends that the trial court abused its discretion when it questioned Christina about her testimony. This enumeration, however, is not supported by any citation to authority or meaningful argument and is therefore deemed abandoned. Court of Appeals Rule 27 (c) (2); see *Thompson v. State*, 256 Ga. App. 776, 778 (3) (569 SE2d 884) (2002). Moreover, we have reviewed the transcript of the questioning and discern no abuse of discretion. See *Salazar v. State*, 256 Ga. App. 50, 52 (3) (567 SE2d 706) (2002).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED APRIL 3, 2003.

Aaron Johnson, *pro se.*
Beverly Johnson, *pro se.*
Casandra Smith, *pro se.*
Christina Smith, *pro se.*