## A04A1461. REYNOLDS v. KRESGE.
(605 SE2d 379)

ELDRIDGE, Judge.
Patricia Reynolds appeals from a permanent stalking restraining order entered against her by the Superior Court of DeKalb County; she claims that the court improperly converted an ex parte temporary restraining order entered several days earlier in this case

into a permanent one without any motion having been made for such relief and without giving her an opportunity to prepare defenses directed toward such relief. We find Reynolds' contentions to be without merit and affirm.

Pursuant to OCGA § 16-5-94, Richard and June Kresge filed a "Petition for Stalking Temporary Protective Order" ("Petition") against Reynolds, who lived in the Kresges' neighborhood on a different street, alleging that she "made multiple harassing calls and personally appearing at our property threating [sic] various legal problems she was about to cause to happen to us." The Petition requested that Reynolds be served a copy of the Temporary Protective Order as required by law. The Petition also requested that the superior court,

> issue a restraining order to order Respondent to stop harassing and intimidating Petitioner[;] order Respondent not have any direct or indirect contact with the Petitioner[; and to] order Respondent be enjoined from approaching within 10 yards of Petitioner.

On October 14, 2003, the superior court issued a "Stalking Ex Parte Temporary Protective Order" and set an October 22, 2003 hearing date "to show why the demands of the Petitioner should not be granted." On October 21, 2003, Reynolds' attorney filed an entry of appearance form, an answer, and a motion for continuance. No conflict letter was filed.

Reynolds appeared at the hearing, but her attorney did not. The hearing was held, and thereafter, the superior court entered an order permanently restraining Reynolds from engaging in the enumerated acts of stalking against the Kresges and enjoining her from approaching within 100 yards of the Kresges and/or their residence. The hearing was not transcribed nor was any attempt made to create a transcript per OCGA § 5-6-41. Reynolds filed a motion for new trial which resulted in a modification of the restraining order so that Reynolds was prohibited from approaching within 75 feet of the Kresges' residence, as opposed to 100 yards; otherwise, the court denied the motion for new trial. *Held*:

Reynolds claims that the Kresges made neither a motion nor a prayer for permanent relief and thus the trial court erred in awarding it. We disagree. Taken to its logical conclusion, Reynolds' argument encompasses the notion that the Kresges were merely seeking a temporary respite from the acts of stalking committed by Reynolds. We cannot agree that such was the intent expressed in the Petition, either implicitly or explicitly. Besides seeking a temporary protective order, the Petition expressly requested the issuance of a restraining order to enjoin Reynolds from committing acts of stalking and from

approaching the Kresges and their residence. This express "prayer," coupled with the mandate that pleadings are to be construed to do substantial justice in the best interests of the pleader,[1] was sufficient to serve as a "motion" or notice to Reynolds that the restraining order the Kresges sought pursuant to their Petition was intended to *permanently* prevent Reynolds from stalking them.

The subsequent hearing was clearly conducted in order to address the propriety of the issuance of the restraining order sought by the Petition. The hearing provided Reynolds with an opportunity to assert defenses to the granting of such relief. Absent a transcript of the hearing, we must presume the correctness of the proceedings below, including inter alia the decision to go forward without Reynolds' attorney, whose failure to appear has still gone unexplained by evidence of record.[2] Moreover, the entry of the order permanently enjoining Reynolds from committing acts of stalking against the Kresges and from approaching them or their residence was within the broad authority vested in the superior court to fashion appropriate relief from conduct designated as stalking.[3] Under these circumstances, we find no basis for reversal in the claims of error urged by Reynolds.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 16, 2004 —
RECONSIDERATION DENIED SEPTEMBER 29, 2004 — ▮▮▮▮▮▮▮▮

*Richard S. Alembik*, for appellant.
Richard C. Kresge, *pro se.*

---

[1] OCGA § 9-11-8 (f); *Plank v. Bourdon*, 173 Ga. App. 391, 393 (1) (326 SE2d 571) (1985).
[2] *Finch v. Brown*, 216 Ga. App. 451, 453 (5) (454 SE2d 807) (1995).
[3] OCGA §§ 16-5-94; 19-13-4.