A05A1906. DE LOUIS v. SHEPPARD.
(627 SE2d 846)

RUFFIN, Chief Judge.

Clifford de Louis appeals from the entry of a stalking protective order against him. He challenges the sufficiency of the evidence and

---

alleges that the trial court erred in failing to sequester the witnesses and in ordering him to undergo a psychological evaluation and to pay attorney fees. We affirm.

In reviewing the sufficiency of the evidence, we do not weigh the evidence or assess witness credibility, and "we construe the evidence in favor of the findings of the trier of fact."[1] The evidence shows that de Louis and Alice Sheppard are next-door neighbors in a residential subdivision. Sheppard filed a petition for relief under the stalking statute[2] against de Louis, alleging that he repeatedly made lewd gestures toward her, blared loud music at her house, and menacingly stared at her. The trial court granted a temporary protective order and scheduled a hearing on Sheppard's petition. De Louis represented himself at the hearing. Sheppard, her husband, and her adult daughter testified, as well as several neighbors and friends who had witnessed de Louis's behavior.

The evidence showed that the de Louis and Sheppard families had a friendly relationship until approximately February 2004. At that time, de Louis physically confronted Sheppard about a neighborhood issue in a way she felt was sexually intimidating. Subsequently, he began blaring loud music from an open window toward the Sheppard house. This occurred at least five days a week. Sheppard differentiated this behavior from times she might hear music from the de Louis house, but at an appropriate volume. Frequently, de Louis would "blast" music toward the Sheppard house when they were outside in their yard or at their pool. He also ran his leaf blower for no apparent reason other than to harass Sheppard, as there were no leaves in his yard. Some of this behavior was recorded on videotape and played for the trial court.

Sheppard and others testified that de Louis would stare at her for a considerable length of time from his deck or driveway when she was outside. This occurred many times, and Sheppard felt threatened by him. On two occasions, de Louis put his hand in his trousers or grabbed his crotch and made lewd motions toward Sheppard. On separate occasions, de Louis gestured in this way toward Sheppard's daughter and a male visitor. On one occasion, when Sheppard's son took off his shirt at their pool, de Louis called out from his yard: "Ooh-la-la, young flesh."

Sheppard testified that she was scared by de Louis's behavior. She and her husband both stated that they felt de Louis's harassment of them was escalating. Sheppard's daughter also testified that she was scared for herself and for her mother.

---

[1] *Hall v. State*, 226 Ga. App. 380 (487 SE2d 41) (1997).
[2] OCGA § 16-5-90 et seq.

The trial court granted a protective order to Sheppard and required de Louis to submit to a mental health evaluation and to pay Sheppard's attorney fees of $4,000. De Louis appeals, arguing that: (1) there was insufficient evidence of stalking; (2) the trial court abused its discretion by failing to sequester the witnesses; and (3) the trial court abused its discretion by ordering him to undergo a psychological evaluation and to pay attorney fees.[3]

1. De Louis contends that, even if it occurred, the behavior in which he is alleged to have engaged does not constitute stalking because (1) he did not follow, place under surveillance, or contact a person as required by the stalking statute; (2) the behavior did not place the victim in reasonable fear for the safety of herself and her immediate family; and (3) the behavior occurred at his residence. We disagree.

Stalking is defined as "follow[ing], plac[ing] under surveillance, or contact[ing] another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person."[4] According to the statute, harassing and intimidating

> means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family, by establishing a pattern of harassing and intimidating behavior, and which serves no legitimate purpose.[5]

At or about a place or places "shall include any public or private property occupied by the victim other than the residence of the defendant."[6]

We have found sufficient evidence of stalking when the perpetrator "placed [the victim] under surveillance, took pictures of her, and shouted at her";[7] followed the victim to another's residence and drove up and down the road in front of the residence;[8] or sent sexually explicit letters to the victim's home.[9] Here, the evidence showed that

---

[3] De Louis, having been made aware of the amended protective order issued by the trial court, withdrew his enumeration of error based on the issuance of a protective order for longer than a 12-month period.

[4] OCGA § 16-5-90 (a) (1).

[5] Id.

[6] Id.

[7] *Johnson v. Smith*, 260 Ga. App. 722 (2) (580 SE2d 674) (2003).

[8] See *Benton v. State*, 256 Ga. App. 620, 621-622 (1) (568 SE2d 770) (2002).

[9] See *Jerusheba v. State*, 226 Ga. App. 696, 697-698 (487 SE2d 465) (1997).

de Louis contacted the victim without her consent.[10] The pattern, frequency, and nature of the contact was such that the trial court could conclude it was done for the purpose of harassing and intimidating Sheppard.[11] Moreover, there was sufficient evidence that this contact put Sheppard in reasonable fear for her safety or that of her family, as de Louis had aggressively confronted her on a previous occasion and made threatening sexual gestures toward her.[12]

While we agree with de Louis that some of his actions, such as directing loud music or noise toward Sheppard's house, may not constitute stalking in and of themselves, evidence of this behavior was admissible "to show bent of mind, intent, and course of conduct between the accused and the victim."[13] And while de Louis was at his own residence when the stalking occurred, the relevant inquiry is whether the *victim* was at de Louis's residence, which she was not. Accordingly, the evidence was sufficient to support the entry of a stalking protective order against de Louis.[14]

2. De Louis asserts the trial court abused its discretion by failing to sequester the witnesses at the hearing. There is nothing in the record to suggest that de Louis invoked the rule of sequestration; consequently, this enumeration of error is without merit.[15]

3. De Louis alleges the trial court abused its discretion by ordering him to undergo a psychological evaluation and to pay attorney fees. OCGA § 16-5-94 expressly provides, however, that the trial court may award costs and attorney fees and order a party "to receive appropriate psychiatric or psychological services" as part of a protective order in a stalking case.[16] Under the circumstances, the trial court did not abuse its discretion in awarding Sheppard $4,000 in attorney fees and in requiring de Louis to undergo a mental health evaluation.[17]

---

[10] See *Robinson v. State*, 216 Ga. App. 816, 817 (1) (456 SE2d 68) (1995) ("To contact is readily understood by people of ordinary intelligence as meaning to get in touch with; communicate with.") (punctuation omitted).

[11] See *Thomas v. State*, 276 Ga. App. 79, 80 (1) (622 SE2d 421) (2005); *Adkins v. State*, 221 Ga. App. 460, 461-462 (471 SE2d 896) (1996).

[12] See *Jerusheba*, supra at 698 (sufficient evidence of victim's reasonable fear of bodily harm where perpetrator made explicit sexual references to victim and stated he intended to come to victim's home); *Hall*, supra at 383 (b) (sufficient evidence of victim's reasonable fear of bodily harm where perpetrator was verbally abusive and victim knew he owned guns).

[13] *Benton*, supra at 623 (2) (a).

[14] See *Stewart v. Cardella*, 269 Ga. App. 32, 32-33 (1) (602 SE2d 915) (2004).

[15] See *Watson v. State*, 222 Ga. App. 158, 159 (2) (473 SE2d 262) (1996).

[16] OCGA § 16-5-94 (d) (3), (4).

[17] See, e.g., *Reynolds v. Kresge*, 269 Ga. App. 767, 769 (605 SE2d 379) (2004) (superior court has broad authority "to fashion appropriate relief from conduct designated as stalking").

4. Sheppard's request that we assess frivolous appeal penalties against de Louis under Court of Appeals Rule 15 (b) is denied.[18]
*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 28, 2006.

Clifford de Louis, *pro se.*
*Alan Mullinax,* for appellee.

---

[18] See *Griffiths v. Rowe Properties,* 271 Ga. App. 344, 345 (2) (609 SE2d 690) (2005) (request for frivolous appeal penalty denied where appellant's arguments do not appear to have been made unreasonably or in bad faith).