305 Ga. 310
FINAL COPY

S18G0695.  BISHOP v. GOINS et al.
S18G0696.  BISHOP et al. v. POWELL et al.

BENHAM, Justice.

In Bishop v. Goins, 344 Ga. App. 174 (809 SE2d 280) (2017), the Court

of Appeals held that OCGA § 16-5-94 (d) (3) authorizes a trial court to award

a party costs and attorney fees incurred during appellate proceedings following

the entry of a stalking-related protective order.  We granted certiorari to consider

the issue, and, following an examination of the plain language of the statute, we

conclude that OCGA § 16-5-94 (d) (3) does not permit such an award in this

case.  Accordingly, we reverse the judgment of the Court of Appeals.

As the parties acknowledged at oral argument, neither the facts nor the

procedural posture of this case are in question.  After the Superior Court of

Jasper County issued protective orders against Steve and Jodi Bishop in favor

of their neighbors, Bernie and Michael Goins and Jana and Keith Powell ("the

Neighbors"), the Bishops appealed.  The Court of Appeals affirmed the orders

in unpublished decisions.[1] The Neighbors then moved the trial court for costs and attorney fees incurred as a result of the appellate proceedings, asserting that such an award was permissible under OCGA § 16-5-94 (d) (3). The trial court granted the motions, over the Bishops' objections, awarding the Goinses $4,907.06 in attorney fees against Steve Bishop and awarding the Powells $4,873.90 against both Jodi and Steve Bishop.[2]

The Bishops sought relief in the Court of Appeals, continuing their argument that OCGA § 16-5-94 (d) (3) does not authorize an award of costs and attorney fees in connection with appellate proceedings.[3] See Bishop, supra. The Court of Appeals — which apparently reviewed the legal question under an abuse-of-discretion standard — concluded that the fee award was authorized because "nothing in the fee provision [in OCGA § 16-5-94 (d) (3)] expressly limits recovery of attorney fees to those incurred in trial court litigation."

---

[1] Bishop v. Goins, 338 Ga. App. XXIV (Case Nos. A16A0895, A16A0896) (Sept. 8, 2016) (unpublished); Bishop v. Powell, 338 Ga. App. XXIV (Case No. A16A0897) (Sept. 8, 2016) (unpublished).

[2] There were no awards of costs and attorney fees in the original orders.

[3] As the Court of Appeals noted, the Bishops' sole challenge on appeal was whether the award was authorized by statute, not whether the award was reasonable. See Bishop v. Goins, 344 Ga. App. at 179, n. 10.

<u>Bishop</u>, 344 Ga. App. at 176-179.  We subsequently granted certiorari to review the Court of Appeals' decision, and we agree with the Bishops that the fee award here was not authorized by statute.

As we now consider the text of the relevant statutory provision, we are mindful that we must

> presume that the General Assembly meant what it said and said what it meant.  To that end, we must afford the statutory text its "plain and ordinary meaning," we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citations and punctuation omitted.) <u>Deal v. Coleman</u>, 294 Ga. 170, 172-173 (751 SE2d 337) (2013).  Where the statutory text is "clear and unambiguous," we attribute to the statute its plain meaning, and our search for statutory meaning ends.  See id. at 173.  The issue before us is purely legal and, as such, is reviewed de novo.  See <u>Expedia, Inc. v. City of Columbus</u>, 285 Ga. 684, 689 (681 SE2d 122) (2009).

Turning to the question of attorney fees, we recognize that, "[g]enerally, an award of attorney fees in Georgia must be authorized by statute or contract." <u>Robinson v. Williams</u>, 280 Ga. 877, 880 (635 SE2d 120) (2006).  At issue here

is whether the cited statutory provision authorizes such an award. OCGA § 16-5-94 (d) states as follows:

> The court may grant a protective order or approve a consent agreement to bring about a cessation of conduct constituting stalking. Orders or agreements may:
> (1) Direct a party to refrain from such conduct;
> (2) Order a party to refrain from harassing or interfering with the other;
> (3) Award costs and attorney's fees to either party; and
> (4) Order either or all parties to receive appropriate psychiatric or psychological services as a further measure to prevent the recurrence of stalking.

This statutory authorization for attorney fees is in derogation of common law, see Hudson v. Abercrombie, 258 Ga. 729 (2) (a) (374 SE2d 83) (1988); Bowers v. Fulton County, 227 Ga. 814 (1) (183 SE2d 347) (1971), and, thus, must be strictly construed, see Workman v. RL BB ACQ I-GA CVL, LLC, 303 Ga. 693 (1) (814 SE2d 696) (2018); VSI Enterprises, Inc. v. Edwards, 238 Ga. App. 369 (2) (518 SE2d 765) (1999).

OCGA § 16-5-94 (d) is composed of two sentences. The first sentence authorizes a trial court to grant "a protective order or approve a consent agreement" to bring about an end to conduct constituting stalking. Id. See also Durrance v. Schad, 345 Ga. App. 826 (1) (815 SE2d 164) (2018). The second

4

sentence lists remedies that "orders or agreements may" include. OCGA § 16-5-94 (d). This language vests the trial court with the authority to "fashion appropriate relief from conduct designated as stalking." Reynolds v. Kresge, 269 Ga. App. 767, 768 (605 SE2d 379) (2004). Reading these sentences together, in the most natural and reasonable way, an award of costs and attorney fees under OCGA § 16-5-94 (d) (3) depends in the first instance on the trial court granting a protective order or approving a consent agreement "designed to end the conduct constituting stalking." See Durrance, 345 Ga. App. at 829. Further, because the remedies in the second sentence are linked to the "orders or agreements" authorized in the first sentence, it follows that any award of costs and fees must be related to the "order or agreement" and must be included as part of the actual protective order or approved consent agreement. See De Louis v. Sheppard, 277 Ga. App. 768, 771 (627 SE2d 846) (2006) (recognizing that a "trial court may award costs and attorney fees . . . *as part of* a protective order in a stalking case" (emphasis supplied)).

Thus, properly construed, OCGA § 16-5-94 (d) authorizes an award of costs and fees relating to the grant of a protective order (or approval of a consent agreement) designed to end conduct constituting stalking and that is included

5

as part of the actual order or agreement entered at the trial court level. As such, we can conclude that the statute does not authorize independent awards for costs and attorney fees or awards for appellate proceedings occurring subsequent to the entry of the order.[4] Accordingly, the Court of Appeals erred in concluding that OCGA § 16-5-94 (d) (3) permits the award of costs and attorney fees related to appellate proceedings occurring subsequent to the entry of a protective order, and the judgment of that court is reversed.

Judgment reversed. All the Justices concur, except Warren, J., who concurs in judgment only. Ellington, J., disqualified.

---

[4] Of course, there are other remedies for frivolous appeals. See Supreme Court Rule 6; Court of Appeals Rule 7 (e) (2).

Decided February 18, 2019.

Certiorari to the Court of Appeals of Georgia — 344 Ga. App. 174.

<u>Turner & Lawrence, William H. Turner, Jr.</u>, for appellants.

<u>James Bates Brannan Groover, Hays B. McQueen</u>, for appellees.