**FIFTH DIVISION**
**BROWN, C. J.,**
**RICKMAN, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 4, 2026**

# In the Court of Appeals of Georgia

A26A0465. ROBERTS v. EVANS et al.

RICKMAN, Presiding Judge.

Devine Roberts, appearing pro se, appeals from the trial court's final order dismissing his "breach of trust" lawsuit for failure to state a viable claim. Roberts claims that the trial court erred by (1) dismissing the lawsuit without requiring appellees to show cause at the hearing; (2) failing to apply equitable maxims and constructive trust principles to his claims; (3) misconstruing the substantive equity issues raised by his claims; and (4) imposing filing restrictions and threats of contempt against him. We discern no error and affirm.

The record shows that in June 2024, Roberts was charged with multiple violations of the Barrow County Code of Ordinances for his alleged failure to maintain

control of his two family pets – a Rottweiler and a German Shepherd (the "dogs"). The charges alleged, *inter alia*, that Roberts's dogs had been repeatedly at large and had been chasing people (the "code enforcement case"). Roberts's dogs were confiscated and held by the County's Animal Control Division pending a jury trial.

On September 16, 2024, in response to the underlying code enforcement case, Roberts filed the instant petition for "Bill in Equity for a Breach of Trust" in the trial court (the "lawsuit"). The lawsuit was filed against Chief Judge Caroline Power Evans of the Barrow County Magistrate Court; Andrew Brill; Jeff Perry; Tracy Byrd; Jaclyn Fryman; and Judge Jaime Crowe of the Barrow County Magistrate Court (collectively "Appellees"), who took actions in their judicial and official capacities in the code enforcement case.[1] Roberts claimed that he had appointed Brill, Perry, and Byrd as trustees to settle and close the code enforcement case on his behalf, but that they had failed to perform their fiduciary duties.[2] He also complained that he had been

---

[1] Judge Crowe entered the hold order for confiscation of the dogs; Chief Judge Evans was a prior judge in the code enforcement case; Brill and Perry were the Assistant District Attorneys who prosecuted the code enforcement case on behalf of the County; Byrd was a trial court clerk; and Fryman was director of the Barrow County Animal Control Division.

[2] Roberts's trustee appointment allegedly occurred in July 2024, after the filing of the code enforcement case and the dog confiscations. While Roberts's allegations

deprived of due process by Judge Evans and Judge Crowe because the dogs had been confiscated without a prior jury trial.

Appellees denied Roberts's substantive allegations and filed a motion to dismiss the lawsuit for failure to state a claim upon which relief can be granted, arguing that Roberts's claims merely sought to improperly interfere with the pending code enforcement case.[3] Appellees also argued that the equitable claims were subject to dismissal since Roberts had an adequate remedy at law in the code enforcement case.

Following a hearing, the trial court granted Appellees' motion to dismiss. Finding that Roberts had repeatedly filed frivolous documents in the lawsuit, the trial court further ordered the trial court clerk to reject Roberts's pro se filings unless they had been reviewed and approved by a trial court judge (the "pro se filing restrictions"). And although the trial court found that Appellees had demonstrated entitlement to attorney fees and litigation expenses in the amount of $15,000, it

---

in the petition are convoluted and largely indecipherable, it is apparent that his claims directly relate to and arise from the code enforcement case.

[3] Appellees also raised the defenses of official, prosecutorial, and judicial immunity. The trial court, however, did not address whether Roberts's claims were barred on those grounds.

reserved entry of an award.[4] Roberts has filed this appeal to challenge the trial court's decision.

1. Roberts argues that at the motion hearing, the trial court erroneously placed the burden of proof upon him to establish his claim, while defendants failed to offer any evidence or rebuttal. No error has been shown.

Because a transcript of the hearing has not been included in the record, we are unable to confirm what transpired during the hearing below. "It is well established that the burden is on the appellant to arrange for the preparation and filing of the transcript of the lower court proceedings." *Hensley v. Young*, 273 Ga. App. 687 (615 SE2d 771) (2005) (punctuation omitted). OCGA § 5-6-37 requires that the notice of appeal "shall state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." The record before us does not indicate whether the motion hearing was transcribed, and Roberts's notice of appeal does not designate a hearing transcript for inclusion in the appellate record.

Absent the transcript, we must presume the correctness of the trial court's conduct of the proceedings. See *Christie v. Rainmaster Irrigation, Inc.*, 299 Ga. App.

---

[4] The trial court's order reflects that at the hearing, Appellees moved for an award of attorney's fees and litigation expenses under OCGA § 9-15-14.

383, 387(2) (682 SE2d 687) (2009) ("In the absence of either a record or transcript of the rule nisi hearing,… this Court must presume the correctness of the trial court's actions at the hearing."); *Reynolds v. Kresge*, 269 Ga. App. 767, 769 (605 SE2d 379) (2004) ("Absent a transcript of the hearing, we must presume the correctness of the proceedings below[.]").

Nevertheless, it is apparent that Roberts's argument misconstrues the standard to be applied in ruling upon a motion to dismiss under OCGA § 9-11-12(b)(6). While Roberts complains that Appellees failed to offer evidence or rebuttal at the hearing, they were not required to do so.[5] "When presented with a motion to dismiss for failure to state a claim, a court must examine the sufficiency of the *pleadings*." *Kammerer Real Estate Holdings, LLC v. Forsyth County Bd. of Comm'rs*, 302 Ga. 284, 286(2) (806 SE2d 561) (2017). "[O]nly the pleadings — not evidence — are evaluated in a motion to dismiss pursuant to OCGA § 9-11-12(b)(6)." *McCloud v. Lowndes County Bd. of Comm'rs*, 369 Ga. App. 756, 759 (1) (894 SE2d 505) (2023). The trial court's order states and applies the proper legal standard.

---

[5] To the extent that Roberts also argues that the Rule Nisi issued by the trial court placed the burden of proof upon Appellees to present evidence supporting the motion to dismiss, his argument is baseless. The Rule Nisi made no mention of the burden of proof.

2. Roberts also contends that the trial court erred by failing to apply the proper equitable maxims and constructive trust principles. Again, his contention is without merit.

We review de novo a trial court's ruling on a motion to dismiss. *Auto-Owners Ins. Co. v. Tracy*, 344 Ga. App. 53, 54 (806 SE2d 653) (2017). "A motion to dismiss for failure to state a claim should be granted where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim."*Voyles v. McKinney*, 283 Ga. 169, 170(1) (657 SE2d 193) (2008) (punctuation omitted). In ruling upon a motion to dismiss, "the pleadings to be construed include any exhibits attached to and incorporated into the complaint and the answer." *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 750 (751 SE2d 545) (2013). See also OCGA § 9-11-10(c) ("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes"). We note that the Georgia Civil Practice Act only requires notice pleading, the complaint must be construed in the light most favorable to Roberts as the plaintiff, and pro se pleadings are held to less stringent standards. See *Zephaniah v. Ga. Clinic, P.C.*, 350 Ga. App. 408, 411-12(1)

6

(829 SE2d 448) (2019). Applying these standards, the trial court's dismissal of Roberts's petition was proper.

Roberts's claims in the lawsuit directly related to the pending code enforcement case.[6] The trial court correctly ruled that Roberts could not assert the equitable claims to interfere with the code enforcement case. See OCGA § 9-5-2 ("Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them."); *Mohwish v. Franklin*, 291 Ga. 179, 180 (728 SE2d 240) (2012) (affirming the trial court's dismissal of a civil complaint when plaintiff's claims wanted the trial court to interfere with his ongoing criminal prosecution); *Sarrio v. Gwinnett County*, 273 Ga. 404, 405(1) (542 SE2d 485) (2001) (affirming the dismissal of equitable claims and ruling that equity courts should not intervene in prosecutions involving the violation of municipal ordinances); *Talbot State Bank v. Columbus*, 261 Ga. 850 (413 SE2d 194) (1992) (affirming the trial court's refusal to enjoin the prosecution of the violation of a city ordinance because "equity will not interfere with criminal proceedings").

---

[6] Roberts conceded that his equity and fiduciary breach claims in the lawsuit were related to and overlapped the pending code enforcement case.

7

Roberts's response to the dismissal motion claims that this case is "about property rights." Roberts's property rights must be adjudicated in the code enforcement proceedings, which provide an adequate remedy at law. See OCGA § 23-1-4 ("Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law[.]"); *Pendleton v. Atlanta*, 236 Ga. 479, 480(2) (224 SE2d 357) (1976) (appellants' civil action seeking relief related to a pending criminal case against them was properly dismissed since all questions set forth in the petition concerning the process and authority by which appellants were brought to trial could be attacked in the criminal proceedings, giving the appellants an adequate remedy at law).

3. Roberts further argues that the trial court misconstrued his equitable claims as "sovereign citizen" contentions. In light of our conclusion that Roberts's claim was legally barred, we need not address this contention of error.

4. Lastly, Roberts claims that the trial court erred by imposing the pro se filing restrictions and by considering an award of attorney fees for frivolous litigation under OCGA § 9-15-14. We discern no error.

(a) Based upon Roberts's pattern of frivolous filings, the trial court's imposition of the pro se filing restriction was authorized. The record amply supports the trial court's finding that Roberts had submitted multiple filings and documents that presented convoluted, frivolous arguments and demands in both this lawsuit and the underlying code enforcement case. According to Appellees, Roberts also had filed a quo warranto petition against several Appellees in another lawsuit that was dismissed as improperly filed.

> No person is free to abuse the courts by inundating them with frivolous suits [and filings] which burden the administration of the courts for no useful purpose. This limitation on [Roberts's] ability to file pro se [submissions] does not totally deprive him of meaningful access to the courts and is reasonable under the circumstances.

*Higdon v. Higdon*, 321 Ga. App. 260, 266(4) (739 SE2d 498) (2013) (citation and punctuation omitted).

(b) The trial court did not enter an attorney fees award and instead took the issue under advisement. Because there has been no final award, Roberts's claim of error need not be addressed in this appeal. See *U-Haul Co. of Arizona v. Rutland*, 348 Ga. App. 738, 751(2)(b) n. 10 (824 SE2d 644) (2019) (where the trial court reserved

ruling on the award of attorney fees under OCGA § 9-15-14, there was nothing for this Court to review as to that issue); *Homelife on Glynco v. Gateway Ctr. Commercial Ass'n*, 348 Ga. App. 97, 106(6) (819 SE2d 723) (2018) ("Where there is no final ruling upon an issue by the trial court, there is nothing for the appellate court to pass upon, for this court is a court for the correction of errors made in the trial court.") (punctuation omitted).

*Judgment affirmed. Brown, C. J., and Mercier, J., concur.*